PER CURIAM:
This is an appeal by plaintiff, Thomas A. Breaux, from a judgment making suspended child support payments executory, continuing the suspension of a portion of the support payments, and ordering the payment of the suspended portions on the happening of certain conditions.
To better understand what has transpired in this continuing saga between Thomas A. Breaux and his former wife, Annette LeBIanc Breaux, over the amount of child support payments, we glean the following from the record.
Plaintiff and defendant were married in 1970 and divorced in 1981. Two children were bom of this marriage. In May of 1985, plaintiff was ordered to pay child support of $600.00 per month. In May of 1987, plaintiff and defendant were back in court on plaintiffs request for a reduction and/or suspension of child support payments. The court, after hearing all the evidence, granted judgment in favor of defendant for $1,200.00, representing two months of non payments, and for six months suspended $200.00 of plaintiff’s obligation to pay $600.00 per month. In addition, the court ordered plaintiff to pay an additional $200.00 per month for six *50 months to defendant so as to pay out the $1,200.00 judgment. Plaintiff did not appeal this judgment, and apparently made all payments as required by the judgment.
On December 4, 1987, this matter was again before the trial court, and the following judgment was rendered:
IT IS ORDERED, that THOMAS A. BREAUX is indebted to ANNETTE LEBLANC BREAUX in the amount of ONE THOUSAND TWO HUNDRED AND NO/100 ($1,200.00) DOLLARS, representing child support for the months of June, July, August, September, October, and November, 1987 at the rate of TWO HUNDRED AND NO/100 ($200.00) DOLLARS per month, which amount represents the portion of the child support which was previously suspended by this Court during those months;
IT IS FURTHER ORDERED that commencing with the month of December, 1987 the court decrees that TWO HUNDRED AND NO/100 ($200.00) DOLLARS of the obligation of THOMAS A. BREAUX to pay SIX HUNDRED AND NO/100 DOLLARS per month in child support shall continue to be suspended; provided further that immediately upon receipt of the retirement benefits presently withheld by Red Stick Linen Service, THOMAS A. BREAUX pay to ANNETTE LEBLANC BREAUX the balance of all previously suspended support, owing at that time.
In appealing, plaintiff contends the trial court erred:
1) in suspending a portion of the child support payments rather than reducing the child support obligation;
2) in finding that plaintiff-appellant was indebted to defendant-appellee for the amount of $1,200.00 for child support from June through November, 1987;
3) in ordering plaintiff-appellant to immediately pay all “previously suspended support, owing at that time” upon receipt of retirement benefits; and
4) in leaving the question of future suspension and or reduction unanswered.
I
In a recent case out of the Fourth Circuit Court of Appeal, Kaye v. Kaye, 529 So.2d 879 (La.App. 4th Cir.1988), we note the following:
First, we note that we have been unable to find any Louisiana cases which give a trial court the authority to “abate” a child support obligation and allow the amounts due to accrue for future payment. The only statutory authority for modifying a child support decree is found in LSA-R.S. 9:311, which provides, in pertinent part, as follows:
A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
Thus, we hold that the trial court exceeded its authority in suspending any portion of the child support payments. However, we conclude, as apparently did the trial court, that plaintiff has had a change of circumstances justifying a change in the amount of child support he is obligated to pay. Plaintiffs income is now one-half of what it was at the time child support was originally fixed. Therefore, a reduction from $600.00 to $400.00 is ordered effective May 29, 1987, the date of the original suspension.
II
Inasmuch as we have concluded that the trial court was in error in suspending rather than reducing child support payments, those portions of the December 4, 1987 judgment finding plaintiff-appellant indebted to defendant-appellee for the amount of $1,200.00 for child support from June through November, 1987 and in ordering plaintiff-appellant to immediately pay all previously suspended support owing at that time upon receipt of retirement benefits are reversed.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and IT IS ORDERED, ADJUDGED AND DECREED that there be *51 judgment in favor of Thomas A. Breaux and against Annette LeBlanc Breaux reducing the child support payments to $400.00 per month, payable in equal installments on the 1st and 15th of each month. Costs, in both the trial court and in this court, are taxed to defendant-appellee.
REVERSED AND RENDERED.