575 So.2d 942 (1991)
Flora Anette CROCKETT, Plaintiff-Appellee,
v.
David Lee CROCKETT, Defendant-Appellant.
No. 22120-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
Singer, Boothe & Dean by Johnny R. Boothe, Winnsboro, for defendant-appellant.
Michael E. Kramer, Winnsboro, for plaintiff-appellee.
Before SEXTON, LINDSAY and BROWN, JJ.
BROWN, Judge.
Defendant, David Lee Crockett, filed a rule seeking a reduction in child support. The trial court denied the reduction, but suspended a portion of the support for six months. Defendant appealed asserting that the court should have modified child support in accordance with the guidelines set forth in LSA-R.S. 9:315 et seq. Further, defendant claims that the court had no authority to "abate" the child support obligation while allowing the amount due to accrue for future payment. We agree with defendant and amend the judgment.

*943 FACTUAL CONTEXT
On May 29, 1980, the parties were divorced in Texas with custody of the two minor children, DaVona Lesitte and Dramian Laki, being awarded to plaintiff. Defendant's child support obligation was fixed at $300 per month. After the divorce, defendant moved to Maryland. Plaintiff secured a judgment in Maryland increasing child support to $400 per month and setting arrearages at $4,607.
On August 2, 1988 plaintiff filed a rule to increase child support in Louisiana. Plaintiff further alleged that defendant was in arrears in his child support obligation in the amount of $9,861.95.
By judgment dated April 6, 1989 the trial court increased the child support obligation of defendant to the sum of $500 per month. Defendant was further ordered to pay an additional sum of $100 per month to be credited toward the child support arrearage previously established by the Maryland court. Defendant was also ordered to provide adequate medical and hospitalization insurance coverage for the minor children and to pay all medical, hospital and drug expenses not covered by said insurance. The cost of all orthodontic care was ordered to be paid by the parties in equal portions. Defendant was further ordered to pay all transportation costs incurred in connection with his visitation with minor children and judgment was awarded in favor of plaintiff in the amount of $1,150 for child support arrearages accruing since the date of the Maryland judgment. Defendant was granted joint custody of the children.
On October 24, 1989, defendant filed the rule which gave rise to this appeal, seeking a reduction in his child support obligation. Defendant alleged that since the rendition of the previous judgment, he lost his job and that this circumstance materially affected his ability to pay the support fixed by the court.
At the hearing on the rule, defendant testified that he was involuntarily terminated from his position with Owens-Corning Fiberglass on July 1, 1989. Defendant was earning in excess of $45,000 per year but was now unemployed and drawing unemployment benefits. Defendant stated he was seeking employment and had been on several job interviews but had not found work since the date of his termination. Defendant's sole source of income was unemployment compensation in the amount of $888 per month. Defendant had no savings accounts and could not withdraw his retirement from the company until he reached the age of 59. Defendant's health insurance policy was cancelled upon his termination and to maintain medical and hospitalization insurance on the children he testified that it would cost $271 a month. Defendant had remarried and had one child by that marriage. Defendant's wife earned approximately $1,647 per month.
Defendant's affidavit of income and expenses reflected monthly household expenses of $3,356. Defendant's wife had net wages of $1,306 per month.
Plaintiff, Flora Crockett, testified that when she was notified by the defendant that the children had lost their medical and hospitalization insurance, she obtained insurance at a cost of approximately $100 per month. Plaintiff was employed with the Department of Social Services at a monthly salary of $1,828.82. Plaintiff had received a 4 percent increase in salary since the date of the previous judgment. Plaintiff stated her expenses were essentially unchanged since the last hearing.
Plaintiff submitted an affidavit of income and expenses which had been prepared for the previous hearing. Plaintiff reflected a net monthly income prior to her 4 percent wage increase of $1,352.48. Plaintiff's affidavit listed total monthly expenses of $2,852.60. This amount included reasonable monthly household expenses such as housing, utilities and transportation costs. Plaintiff listed monthly expenses for food at $400 and automobile repair and maintenance at $100. Plaintiff also included monthly expenses for the children of $80 for dance lessons, $200 for extra-curricular activities, $200 for clothing, $66.66 for entertainment, $83.33 for grooming and $50 for allowance.
*944 After reviewing the evidence and testimony, the trial court ordered that $200 of defendant's child support obligation be suspended for a period of six months or until defendant got a job, whichever occurred first. The court ordered the suspended amount to accrue as an arrearage. The court required defendant to maintain insurance on the children and pay one-half of their medical expenses. The trial court also ordered that defendant continue to pay the $100 per month to reduce his prior arrearage. In oral reasons for judgment, the court noted that defendant lived in the Northeast part of the United States where jobs were available.

DISCUSSION
The child support guidelines contained in LSA-R.S. 9:315 et seq. are to be used in any proceedings to establish or modify child support filed after the October 1, 1989 effective date. Since this rule for reduction of child support was filed after the effective date of the statute, the guidelines are applicable.
LSA-R.S. 9:315.1(A) creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of child support to be awarded. LSA-R.S. 9:315.1(B) allows the court to deviate from the guidelines if their application would be inequitable to the parties or not in the best interest of the child or children. The statute mandates that the court give oral or written reasons for any deviation and these reasons shall be made a part of the record of the proceedings. Montgomery v. Waller, 571 So.2d 765 (La. App. 2d Cir.1990).
In this case the trial court made no attempt to apply the guidelines. The only reason given by the trial court for not applying the guidelines was its belief that defendant could easily find employment. The litigants have not suggested any other reasons why the guidelines should not be followed.
In considering the plaintiff's employment, the evidence established that he was terminated involuntarily from his employment and that a change in his circumstances had occurred. The trial court's belief that defendant could easily find employment is not supported by any evidence.
The trial court does have discretion in setting child support with the statute providing guidelines, not rigid rules. The purpose of the guidelines is to provide consistency and certainty in child support awards and if a court is to deviate then an evidentiary basis must be presented and the reasons for the deviation clearly stated. Montgomery v. Waller, supra. No such basis exists in this case and the trial court was clearly wrong in not applying the guidelines in setting child support.
Accordingly, we can calculate the amount of child support due to plaintiff by employing the worksheet set forth in LSA-R.S. 9:315.15. The statute defines income and LSA-R.S. 9:315(6) states:
"(c) The court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source."
The use of the word "may" is permissive and leaves to the court the discretion to consider the income derived from defendant's remarriage. In this case to consider the income of the second wife would cause an inequity. This second wife's income is not sufficient to meet their family expenses. Defendant is unemployed and unable to contribute to this second family. Under these circumstances the calculations should not include the income of the second wife.

 WORKSHEETCHILD SUPPORT OBLIGATION
 Petitioner Respondent Combined
1. MONTHLY GROSS INCOME $888.00 $1,828.82
 a. Minus preexisting child support payment None None
 b. Minus preexisting spousal support
 payment None None

*945
2. MONTHLY ADJUSTED GROSS INCOME $888.00 $1,828.82 $2,716.82
3. PERCENTAGE SHARE OF INCOME
 (Line 2. Each party's income divided by
 Combined Income.) 33% 67%
4. BASIC CHILD SUPPORT OBLIGATION
 (Apply line 2 Combined to Child Support
 Schedule.) $ 661.36
 a. Net Child Care Costs (Cost minus
 Federal Tax Credit + None[1]
 b. Child's Health Insurance Premium
 Cost $ 100.00
 c. Extraordinary Medical Expenses
 (Uninsured Only) (Agreed to by
 parties or by order of the court) + None
 d. Extraordinary Expenses (Agreed to
 by parties or by order of the
 Court.) + None
 e. Optional. Minus extraordinary adjustments
 (Child's income if applicable.) - None
5. TOTAL CHILD SUPPORT OBLIGATION
 (Add lines 4, 4a, 4b, 4c, and 4d; Subtract
 line 4e.) $ 761.36
6. EACH PARTY'S CHILD SUPPORT OBLIGATION
 (Multiply line 3 times line 5 for each
 parent.) $251.25 $ 510.11
7. RECOMMENDED CHILD SUPPORT
 ORDER
 (Bring down amount from line 6 for the
 non-custodial or non-domiciliary party
 only. Leave custodial or domiciliary
 party blank.) $251.25

Based upon the calculations provided in the statute, defendant's child support obligation should be set at $251.25. We find this amount to be equitable considering the circumstances of these parties. Additionally, the trial court ordered defendant to continue to pay $100 per month to satisfy his arrearage and also to maintain hospital and medical insurance on the minor children. The cost of the health insurance has been included in the calculation of child support and a separate award requiring defendant to maintain health insurance is not appropriate. However, defendant should continue to satisfy his child support arrearages as established by previous judgments in Louisiana and Maryland in the amount of $100 per month. Therefore, defendant's total monthly child support obligation would be in the amount of $251.25 together with the $100 per month to satisfy the child support arrearage.
Under the above ruling the issue of the authority of the trial court to suspend a portion of the child support while allowing Cit to continue to accrue as an arrearage is moot. However, in Breaux v. Breaux, 543 So.2d 49 (La.App. 1st Cir.1989), writ denied, 546 So.2d 1215 (La.1989), and Kaye v. Kaye, 529 So.2d 879 (La.App. 4th Cir.1988), *946 writ denied, 533 So.2d 377 (La.1988), the appellate court was unable to find any Louisiana case which gave the trial court the authority to "abate" or "suspend" child support obligations and allow those amounts to accrue for future payment.

DECREE
For these reasons, the judgment of the trial court is hereby amended so as to reduce defendant's monthly child support obligation to $251.25 per month together with $100 per month to satisfy the child support arrearage. The judgment is further Amended to provide that plaintiff shall maintain health insurance for the minor children. Costs of this appeal are assessed to plaintiff.
NOTES
[1] While plaintiff claimed $60 per month in child care costs due to her employment, this amount was not included in the calculations as required by LSA-R.S. 9:315.3 as plaintiff did not establish her federal tax credit for child care in accordance with LSA-R.S. 9:315(7).