588 So.2d 176 (1991)
Christine Seltzer MANNINA
v.
Edward M. MANNINA.
No. 91-CA-257.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
*177 Brian Sondes, Metairie, for plaintiff/appellant.
R. Collins Vallee, Metairie, for defendant/appellee.
Before BOWES, GAUDIN and WICKER, JJ.
WICKER, Judge.
This appeal arises from a judgment ordering Christine Mannina Torres to pay child support in the amount of $150.00 per month per child. Two minor children were born of the marriage. Ms. Mannina appeals that judgment. We reverse and remand in part and affirm in part.
Joint custody of the two minor children was awarded May 20, 1987 with Ms. Mannina having the children from August 15 through June 15. On October 4, 1989 Mr. Mannina was ordered to pay child support of $550.00 per month to Ms. Mannina. On November 6, 1990 Mr. Mannina filed a rule for custody and child support. A consent judgment of a joint custody implementation plan was executed by the parties. The trial judge ordered its implementation on January 15, 1991. The plan provided in pertinent part that Mr. Mannina have custody of the children from August 15 through June 15 while Ms. Mannina have them from June 15 through August 15. The hearing on Mr. Mannina's child support rule took place on January 15, 1991. Judgment was rendered February 15, 1991 ordering Ms. Mannina to pay child support of $150.00 per month per child.
Ms. Mannina now appeals and specifies the following errors:
1. The trial judge erred by failing to render a judgment of child support within the guidelines of La.R.S. 9:315 et. seq.;

2. The trial judge erred by deviating from the guidelines set forth in La.R.S. 9:315.1 without giving oral or written reasons for the deviation as required by La.R.S. 9:315.1B;
3. The trial judge erred in hearing a case which was not assigned to it, and
4. The trial judge erred in refusing to recuse herself when recusal was sought by counsel in this matter.
ASSIGNMENT OF CASE AND RECUSAL:
Appellant argues this case was allotted to Domestic Relations Section III but was actually heard in Section I. She also asserts the trial judge should have recused herself because she lived next door to Mr. Mannina. Ms. Mannina's counsel attached his affidavit asserting he objected to Judge Grant's hearing the case. However, appellant has raised these two issues for the first time on appeal. At trial no reference was made by Mr. Sondes, appellant's counsel, of the alleged misallocation of this case. Furthermore, the only indication of concern over Mr. Mannina's knowing the Judge occurred during the following colloquy:

*178 MR. VALLEE:
Mr. Mannina, have you ever seen the Judge before today?
MR. MANNINA:
No sir.
MR. SONDES:
Judge have you ever seen Mr. Mannina before today?
Okay, we are going forward, Your Honor, `cause we gonna try to establish some visitation here so these kids can see their mama.
THE COURT:
Good.
Since appellant's objections on these two issues were not made below these arguments are improperly before us. Handy v. Cheatum, 410 So.2d 322 (La.App. 4th Cir. 1982).
La.R.S. 9:315:
Appellant asserts the trial judge erred in failing to follow the guidelines of La.R.S. 9:315 et. seq. The testimony at trial set forth the following.
Ms. Mannina testified she was last employed as a recruiter of agents and administrative assistant for Northwestern Mutual. She worked for that company ten years. When she left that employment her salary was $17,500.00 per year. She also had received approximately $1,000.00 additional yearly income working for agents on an as needed basis. At the time of trial her fiance' was supporting her. At one point in time she was offered a job in Atlanta but lost it due to delays in court appearances.
She stated she was currently trying to start a secretarial business and borrowed $5,000.00 from her father. She used that money to buy a computer. She currently has no income from the business.
She last worked in November, 1990. However, she was never asked and she gave no testimony as to whether her leaving was voluntary or involuntary.
Mr. Mannina testified he is self-employed in the restaurant business and as a realtor. He did not know what his income was last year. His 1988 tax return was referred to by appellant's counsel but was not introduced into evidence. Mr. Mannina stated he only claimed an adjusted gross income of $12,184.00 that year.
La.R.S. 9:315.2 sets forth the following mandatory requirements:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.
Neither party in this case has provided the court with "verified income statement[s] showing gross income and adjusted gross income, together with documentation of current and past earnings." Neither has provided the court with the "most recent federal tax return." La.R.S. 9:315.2(A). The record is devoid of any evidence to determine whether Ms. Mannina "is voluntarily unemployed or underemployed." La.R.S. 9:315.2(B).
*179 Due to the lack of documentation and evidence the trial judge necessarily could not apply the guidelines of La.R.S. 9:315 et. seq. For that same reason we are also unable to do so. We therefore reverse the portion of the judgment awarding child support of $150.00 per month per child and remand in part with instructions to both parties to follow the mandatory guidelines of La.R.S. 9:315 et. seq. in order that the trial judge be in a position to follow La.R.S. 9:315 et. seq. including any deviation thereof. La.R.S. 9:315.1(B). No appeal is taken from the other part of the judgment ordering the implementation of the joint custody plan and we affirm that portion.
REVERSED IN PART; REMANDED IN PART; AND AFFIRMED IN PART.