GRISBAUM, Judge.
This appeal arises from a child support proceeding. We set aside and remand.
The sole issue presented is whether the trial court erred in refusing to set a support amount to reimburse the State of Louisiana (the State) for amounts it has paid to the dependent under Aid to Families with Dependent Children (AFDC).
FACTS
The State, through the Department of Social Services and pursuant to its authority under La.R.S. 46:236.1, filed suit against Mr. Pennington Hebert, Jr., seeking reimbursement of child support paid under AFDC to Mr. Hebert’s child, Noel. This child resides with the mother, Ms. Wanda Billiot, and receives an AFDC grant, while another child of the union resides with Mr. Hebert and does not receive an AFDC grant.
A hearing officer set the support amount at $68 per month and also set a $2 per month payment towards arrearages, making the total award $70 per month. This amount was apparently set as per the Child Support Guidelines (the Guidelines) found in La.R.S. 9:315.14, although this is not specifically mentioned.
The father, Mr. Hebert, disagreed with this amount. Thereafter, a hearing was held in Juvenile Court, and the court declined to set an amount for child support, reasoning that each party had custody of a child of their union. It is from this judgment that the State appeals.
ANALYSIS
La.R.S. 46:236.1 authorizes the State, through the Department of Social Services, to enforce, collect, and distribute the support or obligation owed by any other person to his child or children and to his spouse or former spouse with whom the child is living, if the support obligation has been established with respect to such spouse or former spouse. This mandate applies to AFDC cases. La.R.S. 46:236.-1(B)(1)(a). Further, La.R.S. 46:236.1(E)(1) provides:
By accepting AFDC for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving AFDC which has accrued at the time of the certification for AFDC and which accrues during the time AFDC is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate *890 process any outstanding debt thus created. Voluntary child support payments made to the applicant or recipient at the time of certification for AFDC or during the time AFDC is furnished shall be deemed to have been assigned to the department, unless such assignment is contrary to a valid court order. The department may thereafter collect such support payments by appropriate process.
Additionally, the Guidelines, which are found in La.R.S. 9:315, apply to cases brought by the State under Title 46. See La.R.S. 9:315.1(A).
Furthermore, the court may deviate from the Guidelines which are set forth in this part, if their application would not be in the best interest of the child or would be inequitable to the parties, and the court shall give oral or written Reasons for the deviation. See La.R.S. 9:315.1(B).
The Guidelines work sheet, which is part of the record, shows that the mother has no income and attributes Mr. Hebert with an income of $600 per month. However, he testified that he was unemployed. There is no evidence nor explanation by the trial judge as to how it attributed income to Mr. Hebert. Moreover, it is noteworthy that neither party submitted a verified income statement to the trial court.
The court then declined to award support, reasoning that a dependent minor child resides with each party.
Let it be clearly understood, and, accordingly, we find that, under the circumstances presented, it is totally irrelevant that each party has custody of a child. It is likewise irrelevant that Ms. Billiot does not want to receive anything from the defendant, as she so testified, because the recipient of the support award is the State, not her. .The reality is the fact that one of the children receives an AFDC grant, and, under La.R.S. 46:236.1, Mr. Hebert owed, and still owes, reimbursement to the State of an amount to be set pursuant to a hearing in the Juvenile Court.
Since this record contains inadequate information for us to make a child support determination under our statutory guidelines, a remand to the trial court is necessary. State v. Flintroy, 599 So.2d 331 (La.App. 2d Cir.1992).
Therefore, for the reasons assigned, we set aside the trial court’s judgment and remand this matter for a proper determination of defendant’s income and thereafter a determination of the proper reimbursement owed to the State through the Department of Social Services. All costs of this appeal are to be assessed against the appellee.
SET ASIDE AND REMANDED.