617 So.2d 133 (1993)
Linda BERCEGEAY
v.
Andre BERCEGEAY.
No. 92-CA-1019.
Court of Appeal of Louisiana, Fifth Circuit.
March 30, 1993.
*134 Gregory A. Miller, Norco, for defendant/appellant.
Before BOWES, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
Defendant, Andre Bercegeay, appeals a decision of the trial court increasing child support payments from $540.00 per month to $750.00 per month.
Plaintiff, Linda Bercegeay, filed a petition for separation from bed and board on December 13, 1987. As part of that litigation a judgment was rendered on January 20, 1988 awarding joint custody of the couple's two children and condemning Andre Bercegeay to pay $540.00 per month in child support. Subsequently, on October 27, 1989 the parties were divorced. That judgment also awards joint custody and $540.00 per month child support.
On January 17, 1992 Linda Bercegeay filed a rule to increase child support alleging a drastic change in financial circumstances due to her current condition of unemployment. After a hearing on the matter, the trial court rendered a judgment in favor of mover, increasing child support to $750.00 per month.
Andre Bercegeay appeals that judgment asserting the trial court erred in not applying LSA-R.S. 9:315.9. Because we find no indication that any of the guidelines embodied in LSA-R.S. 9:315 et seq. were employed, we vacate the judgment and remand the matter to the trial court.
We agree with appellant's assertion that LSA-R.S. 9:315.9 is applicable in this case. LSA-R.S. 9:315.1 requires that the guidelines contained therein are to be used in any action to modify child support filed on or after October 1, 1989. Therefore, all of the rules contained in LSA-R.S. 9:315 are applicable to this matter.
LSA-R.S. 9:315.2 provides:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 using the combined adjusted gross income of the parties and the number of children involved in the proceeding.
E. After the basic child support obligation has been established, the total *135 child support shall be determined as hereinafter provided in this Part.
Neither party has provided the court with "a verified income statement showing gross income and adjusted gross income" as mandated by LSA-R.S. 9:315.2 A.
The record contains testimony concerning income and other financial matters from both parties. Further, there is some documentation of Linda Bercegeay's income. However, the record is devoid of any documentation to indicate Andre Bercegeay's income.
Due to the lack of documentation and evidence presented by the parties the trial judge could not apply the guidelines as required. For that same reason we are also unable to do so. Mannia v. Mannia, 588 So.2d 176 (La.App. 5 Cir.1991).
We therefore vacate the trial court's judgment increasing child support to $750.00 per month and remand the matter to the trial court with instructions to the parties to follow the mandatory guidelines contained in LSA-R.S. 9:315 et seq.
VACATED AND REMANDED.