623 So.2d 1357 (1993)
Jule' Acosta INZINNA
v.
Courtney P. ACOSTA.
No. 93-CA-232.
Court of Appeal of Louisiana, Fifth Circuit.
August 26, 1993.
*1358 Robert A. Chaisson, Chaisson & Chaisson, Destrehan, for plaintiff, appellant.
J. Louis Watkins, III, Claudet, Christen & Watkins, Houma, for defendant, appellee.
Before GOTHARD and CANNELLA, JJ., and THOMAS F. DALEY, J. Pro Tem.
GOTHARD, Judge.
This is an appeal from a judgment of the trial court increasing child support and adopting a custody plan presented by the defendant. We vacate the judgment and remand the matter to the trial court.
The parties were divorced in 1987 by judgment of the 32nd Judicial District Court for the Parish of Terrebonne. As part of that judgment, Courtney Acosta was ordered to pay $400.00 per month in child support payments to Jule' Acosta.[1] Additionally, physical custody of the couple's two minor children was granted to Jule' Acosta. On August 10, 1992 Jule' Acosta Inzinna filed an action in the 29th Judicial District Court for the Parish of St. Charles seeking to make the divorce judgment executory and seeking an increase in child support. The divorce judgment was made executory in St. Charles on August 14, 1992. On September 25, 1992, Courtney Acosta filed a rule to change custody in which he sought sole custody of the couple's two minor children.
A hearing on the child support and the custody issues was held on November 4, 1992. At that hearing, counsel for Courtney Acosta submitted a seven page joint custody implementation plan for custody. He stated:
We have not pursued the change in custody although we have submitted to the mover Joint Implementation Plan. In reviewing the record in both Terrebonne Parish and St. Charles Parish, there has never been any type of implementation plan. It's a very manila-type of implementation plan. It's nothing in stone. We would be happy to work out any problems that the defendant has regarding the implementation plan later on, but we want to go ahead and submit it.
However, no testimony was elicited regarding custody issues. The entire hearing was devoted to the financial issues relating to the motion to increase child support. The matter was taken under advisement and the parties were ordered to file post-trial memoranda and proposed judgments.
On December 11, 1992 the trial court rendered a judgment which in part states:
IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff, Jule Acosta Inzinna, be granted a $100.00 increase in child support, for a total amount of $586.00 per month, subject to any credits allowed under Louisiana law.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Courtney P. Acosta maintain a policy of medical insurance on behalf of the minor children, and that each party pay one-half of all medical expenses which are not covered by the medical insurance, including all dental, orthodontic, and optometry expense.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Custody Implementation Plan attached hereto and made a part hereof be adhered to by the parties.
Attached to the judgment was the custody implementation plan presumably submitted by Mr. Acosta.[2]
Jule' Acosta Inzinna appeals the judgment assigning two errors.
Initially, appellant argues the trial court erred in granting too small an increase in child support. Appellant argues that by her calculations child support should have been increased to $901.00 per month based on the guidelines of LSA-R.S. 9:315, or alternatively *1359 to $637.00 as per appellee's Affidavit of Income and Expenses.
Appellee argues that no increase should have been granted since no change of circumstances was shown as required by LSA-R.S. 9:311. In the alternative, appellee argues that the trial court did not abuse its discretion in deviating from the child support guidelines.
LSA-R.S. 9:311 requires a showing of a change of circumstances in order to maintain an action for increase in child support. At the hearing Mr. Acosta testified that he had changed jobs since the initial award of child support in 1987 and was receiving more gross income as a result of the change, although he maintains added expenses of extra travel and parking offset the increase.
Mrs. Inzinna testified that since the divorce she remarried and gave birth to a son. The child is now three years old and has a serious illness. Because she must stay home to care for her son, Mrs. Inzinna is unable to work. These facts are sufficient to show a change of circumstances and to justify the trial court's finding that an increase was warranted. See State v. Flintroy, 599 So.2d 331 (La.App. 2 Cir.1992).
Nonetheless, we must vacate the trial court's judgment regarding child support. LSA-R.S. 9:315.2A is clear in its mandate of essential documentation. That statute in pertinent part provides:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party. (Emphasis added)
Mr. Acosta submitted a worksheet, an affidavit of income and expenses and a check stub dated July 15, 1992. He submitted no federal tax returns as mandated by the above statute. Mrs. Inzinna submitted only an unverified worksheet.
Without the appropriate and required documentation this matter cannot be decided in accordance with law. The matter must be remanded for the collection of the required documentation and evidence and the proper calculation of child support in accordance with R.S. 9:315 et seq. See Mannina v. Mannina, 588 So.2d 176 (La.App. 5 Cir. 1991); Phillips v. Phillips, 595 So.2d 732 (La.App. 5 Cir.1992). Without a verified income statement from Mrs. Inzinna, copies of the most recent tax returns of both parties, and other evidence necessary pursuant to LSA-R.S. 9:315.2 the trial court could not properly apply the guidelines of LSA-R.S. 9:315 et seq. and neither can this court.
Also LSA-R.S. 9:315.1 B provides:
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
The trial judge issued Reasons for Judgment stating:
"This Court is of the opinion that it should deviate from the guidelines. Following the guidelines would be unfair and would reach unwarranted results."
The trial judge failed to determine the amount of support that would be required under a mechanical application of the guidelines and failed to state the particular facts and circumstances which warranted deviation from the guidelines. Thus, we vacate the judgment and remand the matter for reconsideration. We further order the parties to present the required documentation and evidence in accordance with LSA-R.S. 9:315 et seq.
*1360 We further vacate the judgment as to implementation of appellee's joint custody plan. LSA-C.C.art. 131 A provides:
A. If there are children of the marriage whose provisional custody is claimed by both husband and wife, the suit being yet pending and undecided, custody shall be awarded in the following order of preference, according to the best interest of the children:
(1) To both parents jointly. The court shall, unless waived by the court for good cause shown, require the parents to submit a plan for implementation of the custody order, or the parents acting individually or in concert may submit a custody implementation plan to the court prior to issuance of a custody decree. A plan of implementation shall allocate the time periods each parent shall enjoy physical custody of the children and the legal authority, privileges and responsibilities of the parents.
Paragraph E provides:
Any order for joint custody, or any plan of implementation effected pursuant to Paragraph A of this Article, may be modified or terminated upon the petition of one or both parents or on the court's own motion, if it is shown that the best interest of the child requires modification or termination of the order. The court shall state in its decision the reasons for modification or termination of the joint custody order if either parent opposes the modification or termination order.
The trial court abused its discretion accepting, on the day of a hearing on opposing motions to increase child support and change custody, a joint custody implementation plan submitted by one party without considering any evidence, giving the opposing party an opportunity to submit an alternative plan or stating any reasons for the judgment.
For the foregoing reasons the judgment of the trial court increasing child support and implementing the joint custody plan is vacated and the matter is remanded to the trial court for further proceedings not inconsistent with this opinion.
JUDGMENT VACATED, MATTER REMANDED.
NOTES
[1] Now Jule' Acosta Inzinna.
[2] At the hearing the plan was only mentioned. It was not actually filed in the record until December 11, 1992. The same day the judgment was rendered.