GOTHARD, Judge.
This is an appeal of a judgment of joint custody, which provided that the father pay $200.00 per month in child support to the *1053 mother. For the following reasons, we affirm.
On April 30, 1992, Mr. and Ms. Granier were granted a divorce. The parties were granted joint custody of their minor child, Jennifer, with Ms. Granier being named the domiciliary parent. Liberal visitation privileges were granted to Mr. Granier. Additionally, Mr. Granier was ordered to pay $241.00 per month in child support and to maintain health and hospitalization insurance for Jennifer. On September 14, 1993, a hearing was held on a motion to change the domiciliary parent status to Mr. Granier. As a result of an agreement between the parties at the conclusion of the hearing, a “judgment of joint custody” was signed by the trial court on September 29, 1993. Mr. Granier now appeals this judgment, arguing that as domiciliary parent, he cannot be compelled to pay any child support, or alternatively, that the $200.00 per month in child support was calculated incorrectly. Appellant also appeals the hfact that the trial court did not allow appellant’s counsel to call Ms. Granier to the stand prior to calling Dr. Faust, who had been requested by the court to evaluate both parents and the child for purposes of the custody hearing.
Upon review of the record, it is clear that both parents and their counsel were present at the hearing and both sides agreed to the terms of the judgment prior to counsel for appellant drafting the “judgment of joint custody” and submitting it to the trial court for signature. LSA-Code.Civ.Proe. art. 2085 provides in pertinent part that “[a]n appeal cannot be taken by a party ... who voluntarily and unconditionally acquiesced in a judgment rendered against him.” Upon conclusion of the hearing, both sides negotiated a settlement in open court with the trial court assisting. During the negotiations, counsel for appellant specifically agreed to the $200.00 per month child support amount provided that appellant be able to continue to receive the tax exemption for the child — a condition which counsel for Ms. Granier then accepted. For all intents and purposes, the “judgment of joint custody” was a consent judgment which cannot now be appealed. This assignment is without merit.
Appellant next appeals the trial court’s refusal to let his counsel call Ms. Granier prior to calling Dr. Faust at the hearing. It is inconceivable why this is now being appealed. Appellant suffered no harm whatsoever as a result. In fact, Ms. Granier was never called to testify at all. After Dr. Faust’s testimony, counsel for both sides negotiated a settlement which resulted in the “judgment of joint custody.” This assignment is also without merit.
For the foregoing reasons, the judgment is affirmed. All costs of this appeal are assessed against appellant.
AFFIRMED.