633 So.2d 966 (1994)
Theresa Ates JOHNO
v.
Elton Ray JOHNO.
No. 93-CA-905.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1994.
Order Granting Limited Rehearing April 18, 1994.
Bruce M. Danner, Metairie, for appellant-plaintiff Theresa Ates Johno.
*967 David M. Prados, Lowe, Stein, Hoffman, Allweiss & Hauver, New Orleans, for appellee-defendant Elton Ray Johno.
Before GAUDIN, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Theresa Ates Brown (formerly Johno), appeals from two judgments in favor of defendant, Elton Ray Johno. The first judgment, dated July 7, 1993, reduces defendant's child support obligation. The second judgment, dated June 21, 1993, classifies a disputed debt as plaintiff's separate property and a disputed asset as community property. For the reasons which follow, we amend the judgment dated July 7, 1993 and affirm as amended. We reverse the judgment of June 21, 1993 insofar as it classified the disputed school tuition debt as plaintiff's separate debt and affirm the balance of said judgment.
The parties were married on September 17, 1983. One child was born of the marriage. The other child was plaintiff's which defendant adopted. Both children are minors. The parties were divorced by judgment dated June 17, 1991. By a judgment of September 19, 1990, defendant was ordered to pay child support in the amount of $522, maintain hospitalization coverage on the children and pay all educational expenses as they were incurred. On January 14, 1993, due in part to defendant's non-payment of certain educational expenses of the children, plaintiff filed, among other things, a motion to increase child support. A consent judgment, agreed to on February 18, 1993 and signed on February 25, 1993, set defendant's child support obligation at $996 per month and relieved him of any obligation for medical coverage and educational expenses. On March 6, 1993 defendant filed a Motion for New Trial alleging, among other things, that his consent to the earlier judgment was entered in error because his earnings had decreased. The motion was denied on April 27, 1993, and the judgment was signed on May 4, 1993. Before the signing of the judgment, on April 29, 1993, defendant filed a Motion to Decrease Child Support. Defendant again argued that his income for 1993 would be less than his income for 1992, which was evidenced by his decreased income over the previous ten weeks. Defendant's motion to decrease was heard on June 29, 1993 and judgment was signed on July 7, 1993, decreasing his child support obligation from $996 to $566.88[1] per month. It is from this judgment that plaintiff appeals.
In a dispute between the parties concerning the partition of community property, the parties contested the classification of an asset, a 1986 Firebird automobile, and a debt, tuition expenses for a course at Philips Junior College during the 1986-87 school year. By judgment dated June 21, 1993, the trial judge ruled that the 1986 Firebird automobile was community property and that the educational expense, with an outstanding balance of $5,900 was her separate debt. Plaintiff also appeals this judgment.[2]

CHILD SUPPORT
Each parent owes an obligation to support, maintain and educate their children. La. C.C. art. 227. The amount of a child support award is now governed by the Child Support Guidelines. La.R.S. 9:315 et seq. Concerning a modification of a previously set award, La.R.S. 9:311 provides in pertinent part:
An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
*968 It is well settled that a change in circumstances, even as to consent decrees, must be substantial. Crowder v. Crowder, 595 So.2d 810 (La.App. 2nd Cir.1992); Fleishmann v. Fleishmann, 562 So.2d 464 (La.App. 5th Cir.1990), writ granted and remanded, 567 So.2d 601 (La.1990), on remand, 570 So.2d 166 (La.App. 5th Cir.1990), writ denied, 573 So.2d 1121 (La.1991); Camp v. Camp, 560 So.2d 469 (La.App. 1st Cir.1990), writs denied, 563 So.2d 1157 (La.1990); Betts v. Betts, 549 So.2d 1246 (La.App. 3rd Cir. 1989), writs denied 552 So.2d 402 (La.1989); Guillory v. Guillory, 503 So.2d 636 (La.App. 4th Cir.1987). Proof of a change in circumstances does not justify a reduction of a child support award where the inability to pay arises from the obligor's own voluntary actions which render the performance difficult, if not impossible. Toups v. Toups, 573 So.2d 1164 (La.App. 5th Cir.1991). Once the mover-parent makes out a prima facie case for reduction, the burden shifts to the respondent-parent to disprove the change with proof that the change in circumstances was caused by the moving parent's voluntary action or by proving other facts mitigating against reduction. Toups v. Toups, supra. A trial court has broad discretion when determining matters pertaining to the award or reduction of child support. Its judgment will not be disturbed absent a finding of manifest error or abuse of that discretion. Vest v. Vest, 579 So.2d 1190 (La.App. 5th Cir.1991), writs denied, 586 So.2d 564 (La.1991).
Defendant is employed as a mechanic for Bean Dredging Corporation. His duties include building, maintaining and repairing the corporate equipment, mostly barges and dredging equipment. He is paid $11.25 per hour for his regular hours and $16.75 for any overtime hours. Defendant's previous child support award was based on earnings with defendant working an average of approximately sixty-four hours per week. Defendant requested a reduction in child support based on his allegations that the overtime work which he had previously performed was not available and he was now only able to work approximately forty-five hours per week. Defendant testified that from the time of the last award, February 18, 1993, until the filing of his motion to reduce, April 29, 1993, a period of about ten weeks, he only averaged about forty-five hours of work per week. He further testified that he understood that the decrease in overtime would continue due to a decline in business. Therefore, he contended that he had a significant change in circumstances warranting a decrease in the child support award.
Having made a prima facie showing of a change in circumstances, defendant is then presumed to be entitled to the reduction. The burden then shifts to plaintiff to either disprove the change in circumstances or otherwise overcome the presumption that defendant is entitled to a reduction by proving that the change was caused by defendant's own actions or by proving other facts mitigating against the reduction. We find that plaintiff did not meet her burden.
Plaintiff argues that the decrease in defendant's work hours was voluntary or caused by his own actions. In support of that contention, plaintiff offered the testimony of defendant's attorney, Ronald White, who represented defendant in the earlier proceeding. White admitted that he made a statement to plaintiff's counsel to the effect that defendant told White to tell plaintiff that if the child support award was set high then defendant would simply reduce his hours and get a reduction. White explained that his statement was part of negotiation tactics in trying to reach a settlement. In contrast, defendant's work supervisor, Mike Nelson, testified that he was responsible for assigning defendant his duties and his hours and that the overtime work had not been available in the past six months (from the February 18, 1993 judgment until the date of the hearing on the motion to reduce) because the amount of work had leveled off and there was adequate staff to meet the requirements without the necessity of overtime work.
The trial court found that the evidence supported defendant's motion, that he had a substantial change in circumstances evidenced by a reduction in his work hours that was beyond his control. He set the child support award in accordance with the guidelines. In doing so, the trial court noted that should defendant's hours again increase, plaintiff could request an increase in child support. In reaching its decision, the trial *969 court made a credibility determination in defendant's favor. Such a ruling should not be reversed by this court absent a finding of manifest error. We can make no such finding based on this record. However, we do amend the trial court judgment to $566.80, to reflect the correction noted in footnote 1 supra, and as amended we affirm.

CLASSIFICATION OF PROPERTY
Plaintiff argues that the trial court erred in classifying the 1986 Firebird automobile as community property and the tuition balance as her separate property. The automobile was purchased and financed in 1986 during the existence of the community. The tuition debt, a $5,900 balance on tuition expenses for a school program that plaintiff attended during the school year 1986-1987, also arose during the existence of the community.
The classification of an asset as well as a debt as community or separate is based primarily on the time when the asset is acquired or the debt incurred. La.C.C. art. 2338[3] and La.C.C. 2360[4], respectively. Here, there is a presumption in both instances in favor of the community. La.C.C. art. 2340[5] and La.C.C. art. 2361[6], respectively. To rebut the presumption, the burden is on plaintiff, the party seeking to have the thing classified as separate, and it must be proved by clear and convincing evidence. Succession of Lyons, 452 So.2d 1161 (La.1984).
Plaintiff argues that the automobile was her separate property, despite its purchase during the community, because it was given to her as a gift by defendant for their anniversary. Defendant argues that the tuition expense debt is plaintiff's separate debt, despite its being incurred during the community, because the community did not benefit from plaintiff's training. The trial court ruled that the automobile was community property and the tuition debt was plaintiff's separate debt. We disagree with the latter part of this ruling, finding that in each case neither party met his or her burden of rebutting the presumption that assets or liabilities obtained or incurred during the existence of community belong to the community.
Concerning the automobile, plaintiff produced little evidence that it was intended as her separate property. It was purchased during the community with community funds. Defendant's name appeared on the title. He testified that it might have been a joint anniversary present but that the family needed an automobile and it was intended for the family although she would be the primary driver. She did pick out the automobile herself and purchased it while her husband was out of town. But we do not find sufficient evidence to rebut the presumption that a thing acquired during the existence of the community is community property.
Similarly, the evidence was insufficient to rebut the presumption that the tuition debt incurred during the community was a community obligation. Plaintiff incurred the debt for tuition expenses for a nine month course that she took commencing in the fall of 1986. It was a medical transcription course and she enrolled along with a girlfriend. Defendant did not object to her taking the course and it was completed during the marriage, with the full intent, at the time that the debt was incurred, that it would benefit the community. After completing the course, plaintiff was unable to pass the necessary *970 test at a hospital to obtain employment in the field. Thus, the community did not benefit from plaintiff's education. However, that is not sufficient to negate the presumption that the debt, incurred during the existence of the community, was a community debt. The presumption is in favor of plaintiff and the burden was on defendant to come forward with clear and convincing evidence to rebut the legal presumption. Under La.C.C. art 121, a party may assert a claim for reimbursement for contributions to education or training, if it is deemed appropriate, but such a claim has no effect on the classification of the tuition debt, incurred during the marriage, as a community obligation. We find that he has not met his burden in that regard and that the finding by the trial court to the contrary was clearly wrong. Therefore, we reverse the trial judge regarding the tuition debt.
Accordingly, for the forgoing reasons, we amend the judgment of July 7, 1993, amending defendant's child support obligation to $566.80 per month, and affirm as amended. We affirm the June 21, 1993 judgment insofar as it held that the 1986 Firebird automobile was community property but reverse insofar as it held that the school tuition debt was her separate obligation. Each party is to bear one-half the total costs of appeal.
AMENDED IN PART AND AFFIRMED AS AMENDED.
NOTES
[1] We note what appears to be an eight cent typographical error in the judgment. The minute entry (R. p. 0) and the trial judge's oral rendition of judgment (R. p. 415) set forth the amount of child support as $566.80.
[2] Defendant filed a motion to dismiss the appeal of this matter. Defendant argued that it was not properly before the court. We denied that motion. Under current procedure, when two judgments are rendered close in time, in the same numbered district court case, such that the record lodged here on appeal contains both judgments and motions for appeal, it is lodged in this court as one appeal and given only one number despite the fact that appeals from both judgments are before us.
[3] La.C.C. art. 2338 provides:

The community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse; property acquired with community things or with community and separate things, unless classified as separate property under Article 2341; property donated to the spouses jointly; natural and civil fruits of community property; damages awarded for loss or injury to a thing belonging to the community; and all other property not classified by law as separate property.
[4] La.C.C. art. 2360 provides:

An obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.
[5] La.C.C. art. 2340 provides:

Things in the possession of a spouse during the existence of a regime of community of acquests and gains are presumed to be community, but either spouse may prove that they are separate property.
[6] La.C.C. art. 2361 provides:

Except as provided in Article 2363, all obligations incurred by a spouse during the existence of a community property regime are presumed to be community obligations.