639 So.2d 837 (1994)
STATE of Louisiana on Behalf of Paula TAYLOR
v.
George THOMAS, Jr.
No. 93-CA-1039.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1994.
*838 Phyllis M. Williams, LaPlace, for plaintiff/appellant Paula Taylor.
Patricia A.G. Dean, Dinah S. Cain, Metairie, for defendant/appellee George Thomas, Jr.
Before KLIEBERT, BOWES, GAUDIN, GRISBAUM, DUFRESNE, WICKER, GOTHARD and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Paula Taylor, appeals from the trial court ruling for defendant, George Thomas, Jr., which denied plaintiff's Rule To Increase Child Support. For the reasons which follow, we vacate and set aside the lower court judgment, and render judgment.
On June 30, 1988, the state, through the St. Charles Parish District Attorney, filed a Rule for Child Support on behalf of the minor, Kelly Lynn Thomas, against defendant. Subsequently, on February 23, 1988, defendant entered a "Stipulation Under R.S. 46:236.7"[1] agreeing to pay monthly child support for the minor in the amount of $150.
On July 30, 1993, plaintiff filed a Rule to Increase Child Support, alleging that there had been changes in the minor's expenses for education, food and lodging and that defendant's income had increased substantially.
The rule was heard on September 8, 1993. Plaintiff testified that her income had decreased to $7.32 per hour, that defendant's income had increased and that the needs of the child had increased now that she was in school. Defendant, representing himself, questioned plaintiff about whether he gave her extra money on the occasions when she had asked for it. She acknowledged that he had given her extra money.
The trial judge ruled that the support award was sufficient as long as defendant *839 continued to assist plaintiff when she was in need. Plaintiff's counsel objected to the ruling and was then allowed to call defendant. Defendant admitted that his income had increased substantially since the original child support award was set and that he was now earning $3,345 per month. He stated that he had another child for whom he paid child support in the amount of $345 per month. He also testified that he had provided additional financial assistance to plaintiff when she had requested it.
The trial court ruled orally as follows:
In light of his [defendant's] testimony, I conclude that his legal obligation should remain the same. However, should he not continue to provide the way he says he does, then I will consider. I'm counting on you to do what you're supposed to do.
Plaintiff appealed. The case was originally, randomly allotted to a three-judge panel of this court. After initial consideration, the panel was in disagreement on the question of whether the record contained sufficient information upon which to base a child support award or whether, because there were no copies of the parties prior income tax returns in the record, remand for further evidence was mandatory. Because some seemingly contrary rulings have been rendered by different panels in this circuit on this issue,[2] we determined that the matter should be considered En Banc. Accordingly, an order was issued and the matter is now being considered by the entire court.
This court finds that there is sufficient evidence in the record to render a decision in the case. The parties each testified to their monthly income. The testimony was not contradicted or contested and neither party has raised a question on appeal concerning the sufficiency of the evidence of income. La.R.S. 9:315.2 gives either party the right to demand production of verifying income documentation, like federal tax returns. However, absent such a request, we find that under the statute, the production of tax returns can be waived and income figures agreed on, as was done in this case. Therefore, we will render a decision in the case rather than remand for additional evidence.
The facts established at trial indicate that there was a change in circumstances regarding both the increase in the child's expenses and an increase in defendant's income.
The Child Support Guidelines, set out in La.R.S. 9:315 et seq., "are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989." La.R.S. 9:315.1(A). There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is the proper amount of support. La.R.S. 9:315.1(A). Deviation from the guidelines is permitted, but reasons for the deviation must be given.
La.R.S. 9:315.1(B), concerning deviation from the guidelines, provides:
The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made part of the record of the proceedings.
Under the Child Support Guidelines, the basic child support obligation is calculated based on the combined adjusted gross income[3] of the parties. La.R.S. 9:315.2. In this case, the testimony indicates that plaintiff's monthly gross income is $1171.20 (figured at $7.32 per hour for a 40 hour work week). Defendant's monthly gross income is $3,345. Defendant has a pre-existing child *840 support obligation to another child in the amount of $345. Therefore, the combined monthly adjusted gross income of the parties is $4171.20. The basic child support obligation set out in the guidelines for that monthly income is $645. La.R.S. 9:315.14. No other pertinent factors were in evidence. A party is to contribute based on the percentage of his/her share of the combined adjusted gross income. La.R.S. 9:315.8. Therefore the portion of the child support obligation owed by defendant, earning 72% of the income, is $464.40.
Clearly, the court deviated from the guidelines in refusing to increase the previous monthly $150 award, where the guidelines provide, under the circumstances presented here, for a $464.40 award. In doing so, the trial judge did not comply with the guidelines and gave no reasons for the deviation, as mandated by statute. Moreover, based on the record before us, we see no reasons to justify such a large deviation from the guidelines. Therefore, we vacate and set aside the trial court judgment which denied plaintiff's request for an increase in child support.
In cases where the record contains inadequate information upon which to make a child support determination under the guidelines, a remand to the trial court is necessary. Inzinna v. Acosta, 623 So.2d 1357 (La.App. 5th Cir.1993); Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir.1991). However, in cases where the record contains adequate information, an appellate court may apply the child support guidelines to the facts of the case rather than remand to the trial court. State v. Flintroy, 599 So.2d 331 (La.App. 2nd Cir.1992); Crockett v. Crockett, 575 So.2d 942 (La.App. 2nd Cir.1991).
In the present case there is sufficient information upon which to apply the child support guidelines and, therefore, a remand is not necessary. As stated above, applying the guidelines to the facts presented, defendant's monthly child support obligation is $464.40. This amount, derived from use of the guidelines, is presumed correct and there is no evidence rebutting this presumption.
Accordingly, for the reasons stated above, the judgment denying plaintiff's rule to increase child support is vacated and set aside and defendant is ordered to pay monthly child support in the amount of $464.40, retroactive to July 30, 1993, the date of the filing for an increase in child support. Costs are assessed to defendant.
VACATED, SET ASIDE AND RENDERED.
BOWES, J., dissents for the reasons assigned by WICKER, J.
WICKER, Judge, dissenting:
This circuit has taken one of three approaches in its consideration of child support judgments lacking the mandatory documentation required by La.R.S. 9:315.2.[1]
The three approaches taken by this circuit are the following: (1) recognizing a negotiated child support settlement;[2] (2) remanding a case only for insufficiency of the evidence;[3] and (3) automatically remanding for lack of the required documentation provided *841 in La.R.S. 9:315.2.[4] The majority has taken the second approach from which I respectfully dissent.
Although Taylor gave her current hourly wage to be $7.32 an hour she did not testify as to how many hours she worked per week. She testified she completed an affidavit of income and expenses but had not shown it to Thomas. It was introduced into evidence. There is no indication in the record that Thomas was provided a copy of the document as required by La.R.S. 9:315.2(A). Additionally, Taylor submitted no documentation with the statement as required. Id.
Thomas testified that his monthly gross income was $3,345.00 and that he pays $345.00 per month for another child. He did not submit a verified income statement and documentation either to Taylor or to the court.
The trial judge evidently felt there was no need to order an increase since the child's needs were voluntarily being met by Thomas. That reasoning is incorrect. The standard for determining whether the child support award should be increased is set forth in La.R.S. 9:311(A).[5] Furthermore, La.R.S. 9:315.1(A) states that the child support guidelines "are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989."
In the instant case there has been noncompliance with the statutory child support guidelines. Thomas was not provided with a copy of Taylor's verified income statement and Thomas did not submit a verified income statement. La.R.S. 9:315.2(A). No documentation of current and past earnings was submitted nor was a copy of each party's recent federal tax return introduced. Id. Neither party objected to the lack of mandatory documentation.
Although Taylor was represented by counsel who could have objected to Thomas' failure to follow the mandatory guidelines, Thomas was unrepresented.
In a civil non-jury case the fourth circuit has recognized an affirmative duty by the court to "adjudicate cases based on evidence in conformity with the Louisiana Code of Evidence and the applicable jurisprudence." Borgos v. Buras, 611 So.2d 764, 769 (La.App. 4th Cir.1992). The Borgos court also held this rule was subject to the rule of abuse of discretion.
Similarly, the mandatory documentation imposed in La.R.S. 9:315.2(A) would require such a duty.
I agree with the reasoning of the fourth circuit in Borgos, supra at 769:
An unrepresented party is generally unfamiliar with the rules of evidence and the requirement of a contemporaneous objection. It is therefore the obligation and responsibility of the trial judge to control the admission and exclusion of evidence. The trial court has the inherent power and legal knowledge to control the admission or exclusion of evidence. However, a complete trial record must be developed and maintained when this type of incident occurs during trial. This principle is consistent with our community standard of justice. *842 It provides a reasonable balance between the parties in an adversary system and allows the court to maintain control of the litigation. These principles apply only when a party is unrepresented and the other party is represented by counsel.
The issue of whether La.R.S. 9:315.2 can be waived by the parties if no objection to the lack of required documentation is made cannot be examined without considering the intendment of the statute. Three factors underlie the enactment in Louisiana of the child support guidelines embodied in La.R.S. 9:315 et seq. Nations, Louisiana's Child Support Guidelines: A Preliminary Analysis, 50 La.L.Rev. 1057 (1990). As explained in Nations, supra at 1057-58:
Three important factors that have contributed to the adverse economic consequences of divorce are the inconsistency in the amounts of child support awards, the frequent inadequacy of the award amounts, and the failure to effectively enforce child support judgments. Congress evidenced its concern with these factors in the Child Support Enforcement Amendments of 1984, which encouraged the states to pursue stronger enforcement strategies and to develop child support guidelines.
The importance of child support guidelines as an appropriate solution to the problems of inconsistency and inadequacy of child support awards was reiterated when Congress made such guidelines mandatory in all states through the enactment of the Family Support Act of 1988 [The Family Support Act of 1988, Pub.L. No. 100-485, 102 Stat. 2343 (1988)]. In response to that Congressional mandate, Louisiana was forced to either enact a feasible and presumptively correct schedule of child support guidelines to be utilized by all of its courts hearing child support cases or risk losing millions of dollars in federal funding through public assistance programs. Substantive guidelines were enacted and became effective on October 1, 1989 [La.R.S. 9:315 et seq.] [footnotes omitted].
La.R.S. 9:315.2 clearly makes mandatory the documentation required for calculating child support. The statute does not provide for waiver of these requirements. The mandatory requirement of specific documentation is emphasized again in La.R.S. 9:315.1(D).[6] In La.R.S. 9:315.1(D) the parties are allowed to stipulate as to the amount of child support. Such a stipulation, however, may be reviewed and approved by the court. If reviewed for adequacy by the court the statute mandates that the court consider the guidelines. Also, the court "may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2." La.R.S. 9:315.1(D).
I conclude the mandatory requirements of La.R.S. 9:315.2(A) cannot be waived especially when one of the parties is unrepresented by counsel. Furthermore, even a stipulation as to child support is still subject to discretionary review in accordance with the guidelines. La.R.S. 9:315.1(D). This conclusion is consistent with the intendment of the child support guidelines to provide consistency and to establish adequate awards.
I am mindful of Hogan v. Hogan, 549 So.2d 267 (La.1989) wherein the Supreme Court held that when the appellate court finds an abuse of discretion in a child support order "it is required to assess the evidence anew from the record and render a judgment on the merits as if it were a trial court, rather than to remand the case for further proceedings below." Id. at 271. However, Hogan was decided September 12, 1989 before La.R.S. 915.2 was in effect.[7]
The majority opinion is inconsistent with the views expressed by this court in Phillips, supra; Mitchell, supra; Inzinna, supra; Bercegeay, supra; and Bagalman, supra as well as with the intendment of La.R.S. 9:315 et seq. to ensure adequate and consistent awards. I would remand this case for noncompliance with the child support guidelines and instruct the parties and the court to follow the mandatory guidelines in La.R.S. 9:315 et seq.
*843 GOTHARD, Judge, concurring.
I concur with the majority opinion. The statutory mandate of production of tax returns gives the plaintiff a right to demand any reasonable production of evidence and the failure of the trial judge to allow same is appealable. However, where a party does not raise the issue of tax returns on the trial level, he cannot complain of lack of same on appeal.
NOTES
[1] La.R.S. 46:236.7 provides in pertinent part:

A. (1) In cases in which the responsible parent or other person owes a duty of support to a spouse or minor child, the responsible parent or other person owing such duty and the district attorney may stipulate to an order of support.
[2] See:

Inzinna v. Acosta, 623 So.2d 1357 (La.App. 5th Cir.1993); Bercegay v. Bercegay, 617 So.2d 133 (La.App. 5th Cir.1993); Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir.1991); but cf. Sarniguet v. Sarniguet, 93-629 (La.App. 5th Cir. 3/29/94), 636 So.2d 1218; Granier v. Granier, 93-991 (La.App. 5th Cir. 4/14/94), 636 So.2d 1052; Johno v. Johno, 93-905 (La.App. 5th Cir. 3/16/94), 633 So.2d 966.
[3] Adjusted gross income is defined in La.R.S. 9:315 as gross income minus amounts for preexisting child support paid to another not a party to these proceedings.
[1] La.R.S. 9:315.2(A) provides:

Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
[2] Granier v. Granier, 636 So.2d 1052 (La.App. 5 Cir.1994). In Granier we did not discuss the discretion of the trial court in reviewing the stipulated amount for adequacy as well as the court's discretion to require the requisite documentation of La.R.S. 9:315.2. See La.R.S. 9:315.1(D) which provides:

The court may review and approve a stipulation between the parties entered into after the effective date of this Part as to the amount of child support to be paid. If the court does review the stipulation, the court shall consider the guidelines set forth in this Part to review the adequacy of the stipulated amount, and may require the parties to provide the court with the income statements and documentation required by R.S. 9:315.2.
[3] Mannina v. Mannina, 588 So.2d 176 (La.App. 5th Cir.1991). In Mannina there was no evidence of the father's income the prior year nor was there evidence as to whether the mother's leaving her employment was voluntary. In Matter of Spence, 600 So.2d 782 (La.App. 5th Cir.1992) the default judgment was based on insufficient evidence. There was no evidence of the mother's income or expenses or whether she was ever employed. The mother also did not know the father's actual salary, only the range of income. See also Sarniguet v. Sarniguet, 93-629, 636 So.2d 1218 (La.App. 5 Cir.1994) (not designated for publication); Johno v. Johno, 633 So.2d 966 (La. App. 5 Cir.1994) and State, Dept. of Social Services v. Hebert, 612 So.2d 888 (La.App. 5th Cir. 1993). In Hebert we followed the holding in State v. Flintroy, 599 So.2d 331 (La.App. 2nd Cir.1992) in which a remand was determined to be necessary for lack of adequate information to apply the guidelines but unnecessary when there was adequate evidence.
[4] Phillips v. Phillips, 595 So.2d 732 (La.App. 5th Cir.1992); Mitchell v. Mitchell, 610 So.2d 1114 (La.App. 5th Cir.1992). Inzinna v. Acosta, 623 So.2d 1357 (La.App. 5th Cir.1993). Bercegeay v. Bercegeay, 617 So.2d 133 (La.App. 5th Cir.1993) and Bagalman v. Bagalman, 617 So.2d 133 (La. App. 5th Cir.1993) (not designated for publication). Bercegeay was followed by the third circuit in Crefasi v. Crefasi, 628 So.2d 1274 (La.App. 3rd Cir.1993).
[5] La.R.S. 9:311(A) provides:

An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.
[6] See note 2 infra.
[7] La.R.S. 9:315.2 was added by acts 1989, No. 9, § 1, effective October 1, 1989.