590 So.2d 1302 (1991)
Helen Louise Pitts RICHARDSON
v.
Donald Bruce RICHARDSON.
No. CA 90 1722.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
*1303 Donna Wright Lee, Baton Rouge, for plaintiff-appellant Helen Louise Pitts Richardson.
Don R. Beard, Baton Rouge, for defendant-appellee Donald Bruce Richardson.
Before WATKINS, CARTER and FOIL, JJ.
WATKINS, Judge.
Plaintiff, Helen Louise Pitts Richardson Rhodes,[1] appeals the trial court judgment in favor of defendant, Donald Bruce Richardson, denying her motion for an increase in child support.

FACTS
The parties were married on May 12, 1973, were legally separated on March 16, 1977, and were subsequently divorced by judgment dated October 20, 1980. The divorce judgment granted Mrs. Rhodes the care, custody, and control of the only child born of the marriage, Donald Bruce Richardson, Jr., born on November 14, 1974. The judgment further awarded Mrs. Rhodes the sum of $200.00 per month child support and $100.00 per month alimony.
Pursuant to a motion to increase child support filed by Mrs. Rhodes, a judgment was rendered on September 23, 1982, increasing the child support to $400.00 per month.
Thereafter the parties filed a joint motion to amend the previous judgment awarding $400.00 per month child support. The motion to amend the judgment of divorce provided for a joint custody plan. The order to modify the judgment was signed on September 18, 1987, granting joint custody of the minor child and changing the domiciliary parent from the mother to the father. The stipulated judgment provided for support as follows:
Each parent shall be responsible for the support of the child, including the child's shelter, food and miscellaneous expenses when he is in the physical custody of that party. However, if Helen Louis (sic) Pitts Richardson is the domicilliary (sic) parent of the child for a full calendar month, Donald Bruce Richardson shall pay child support at the rate of $400.00 per month ... until the earlier of the following events: (1) The child reaching the age of eighteen (18) or the date of his graduation from high school, which ever (sic) occurs first, or, (2) the designation of Donald Bruce Richardson as the domicially (sic) parent as defined in subsection "A", herein.
Mr. Richardson remained the domiciliary parent from September of 1987 until June of 1989. At that time the minor child returned *1304 to live with his mother, and Mr. Richardson resumed child support payments pursuant to the stipulated judgment. On December 18, 1989, Mrs. Rhodes filed the instant rule for an increase in child support, alleging a change of circumstances based upon an increase in Mr. Richardson's income and the fact that she was unemployed because of health problems.
At the trial of this matter, Mrs. Rhodes established that in September of 1987,[2] she was earning $1,300.00 per month and that her then husband earned $55,000.00 per year. She quit her job in February, 1988, when she and her husband purchased a grocery business. Mrs. Rhodes worked in the grocery business until June 1988, when apparently she and her husband separated.[3] Mrs. Rhodes and Mr. Rhodes were divorced on November 28, 1989, at which time the $800.00 per month alimony pendente lite which Mrs. Rhodes had been receiving from Mr. Rhodes was terminated, and she received a $10,000.00 cash settlement[4] and her car. At the time of the trial Mrs. Rhodes had been unemployed, except for several temporary jobs, since June of 1988. She stated that she was capable of earning a monthly income of $1,300.00 and had been actively seeking employment. Mrs. Rhodes' affidavit of income and expenses which was introduced into evidence revealed that at the time of the hearing her monthly income was $400.00 and her monthly expenses were $1,366.00. She testified that her mother was paying her living expenses until she was able to find employment.
Mr. Richardson provided the court with a verified income statement which revealed that in September, 1987, his gross monthly income was $3,213.50 and in 1990 this same figure increased to $3,706.50.[5]
The trial court denied Mrs. Rhodes' motion to increase child support for the following reasons:
Well, it would have been very simple in this case to just say Mr. Richardson has had an increase in his earnings and therefore we ought to kick in the guidelines and he ought to pay more support. But that I think that this case is much more complicated then (sic) that. What's bothering the court is that Mrs. Richardson is apparently attempting to replace her alimony which she lost in November of '89 with an increase in child support which she filed for two weeks later. Now, she became voluntarily unemployed in February of '88 when she quit her job, went into business with her new husband, (not clear) community property settlement which was voluntary, claims that he sold the business and stole the proceeds and she doesn't know why nothing was done about it. Apparently she's trying to make her problems with her last husband or rather take those problems and look to Mr. Richardson as part of the solution. The court does not feel that this is a proper case for an increase, and, therefore, the motion is denied.

LAW
In order to alter an award for support, the party seeking the increase must show a substantial change in the circumstances of one of the parties between the time of the previous award and the time of the motion for modification. LSA-R.S. 9:311 A.; Phillips *1305 v. Phillips, 569 So.2d 127 (La.App. 1st Cir.1990); Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.), writ denied, 415 So.2d 944 (La.1982). The enactment of the new guidelines for child support in LSA-R.S. 9:315-9:315.15, however, is not to be deemed a "change in circumstances" allowing either party an opportunity to petition the court for modification of an established child support award. LSA-R.S. 9:315.11.
Under the facts of the instant case we believe that Mrs. Rhodes established that a substantial change in circumstances occurred in the financial status of the parties by showing that since the award of child support, she lost her job as well as the support of her former spouse and that the defendant had a substantial increase in his income.
We believe that the trial court's conclusion that Mrs. Rhodes was trying to replace her alimony with child support is an inappropriate consideration in the instant case.[6] Furthermore, the fact that a party voluntarily quits his or her job to go into business should not militate against an attempt to establish a change in circumstances when there is a loss of business income. Requests to increase an award of child support are usually based upon a decrease in income or an increase of expenses of the party and unless the decrease in income is contrived in order to establish the need for an increase in support, we do not believe that the court should hold this fact against the party seeking an increase. We further note that under the new Child Support Guidelines,[7] if a trial court believes that the party seeking an increase in child support is voluntarily unemployed, the court shall calculate the child support based on the unemployed spouse's earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. LSA-R.S. 9:315.9. Under these circumstances, we believe that the trial court erred in finding that Mrs. Rhodes failed to establish a substantial change in circumstances.
Once a substantial change in circumstances is established, LSA-R.S. 9:315.1(A) provides that the "guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989." In this case, the plaintiff's motion for increase in child support was filed on December 18, 1989. Accordingly, the guidelines should be applied in this case.
LSA-R.S. 9:315.1(A) creates a rebuttable presumption that the amount calculated under the guidelines is the proper amount of child support to be awarded. LSA-R.S. 9:315.1(B) allows the court to deviate from the guidelines if their application would be inequitable to the parties or not in the best interest of the child or children. However, the statute mandates that the court give oral or written reasons for any deviation, and these reasons shall be made a part of the record of the proceedings. Crockett v. Crockett, 575 So.2d 942 (La.App.2d Cir. 1991).
The guidelines were not considered by the trial court and we are accordingly without vital information concerning the application of the guidelines. For instance, the guidelines provide that the amount of basic child support shall be increased for the cost of health insurance premiums,[8] extraordinary medical expenses,[9] expenses for attending a special or private elementary or secondary school to meet the particular needs of the child,[10] expenses for transportation of the child from one party to the *1306 other.[11] Furthermore, LSA-R.S. 9:315(6)(c) provides that "the court may also consider as income the benefits a party derives from remarriage, expense-sharing, or other source," and LSA-R.S. 9:315.9 provides that the court may calculate the child support of a voluntarily unemployed or underemployed spouse based upon a determination of his or her income earning potential.
Accordingly, we remand to the trial court for the proper determination of child support based upon the Guidelines for Determination of Child Support (LSA-R.S. 9:315-9:315.15).
For the foregoing reasons the judgment of the trial court is reversed. We remand the case for the proper determination of child support. Costs of this appeal to be paid by the defendant.
REVERSED AND REMANDED.
NOTES
[1] The record indicates that the petitioner is Helen Louise Pitts Richardson; however, we have elected to use her married name of Helen Louise Pitts Richardson Rhodes or Mrs. Rhodes.
[2] Prior to her marriage in July 1987, Mrs. Rhodes worked at Louisiana State University for 12 years, and she was earning approximately $1,285.00 per month when she left.
[3] Mr. Rhodes sold the grocery business in March, 1989. Mrs. Rhodes testified that she does not know what happened to the proceeds of that sale.
[4] Mrs. Rhodes testified that the $10,000.00 she received at the time of her divorce was placed into her mother's checking account because she owed her mother $3,000.00 and her mother was paying her monthly living expenses.
[5] The gross monthly income figures do not include the monthly salary earned by Mr. Richardson's present wife, nor the interest and dividend income received. The verified affidavit shows that Mrs. Richardson's gross monthly income in 1987 was $1,365.68 and in 1990 it was $1,475.06. Furthermore, other monthly income totalled $251.65 in 1987 and $483.33 in 1990. Apparently the majority of the "other" monthly income was derived from interest and stock dividends which Mrs. Richardson owned prior to her marriage to Mr. Richardson.
[6] The trial court attached great significance to the fact that Mrs. Rhodes filed her motion for an increase in child support two weeks after her alimony pendente lite terminated by divorce. The significance of this fact escapes us. Apparently, the only source of income Mrs. Rhodes had from June of 1988, until November of 1989, was $800.00 per month alimony. Had she chosen to do so, she could have petitioned the court during that time for an increase in child support as the $800.00 was substantially less than her previous income.
[7] LSA-R.S. 9:315-9:315.15.
[8] LSA-R.S. 9:315.4.
[9] LSA-R.S. 9:315.5.
[10] LSA-R.S. 9:315.6.
[11] LSA-R.S. 9:315.6.