645 So.2d 1260 (1994)
L. Kevin JOHNSON
v.
Patricia G. JOHNSON.
No. CA 94 0018.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
Alexis A. St. Amant, Baton Rouge, for defendant-appellant Patricia G. Johnson.
William E. Crooks, Preis & Crawford, Baton Rouge, for plaintiff-appellee L. Kevin Johnson.
Before CRAIN, FOIL and WHIPPLE, JJ.
WHIPPLE, Judge.
This case is before us on appeal from a judgment granting the parties a divorce pursuant to LSA-C.C. art. 103. Finding merit in defendant's argument that service by mail was improper, we reverse.

PROCEDURAL HISTORY
On July 22, 1992, plaintiff, L. Kevin Johnson, filed a verified petition for divorce against defendant, Patricia G. Johnson, alleging that the parties had physically separated four days earlier, on July 18, 1992. In addition to seeking a divorce pursuant to LSA-C.C. art. 102, plaintiff sought injunctions against defendant, temporary custody of the parties' three minor children and an eventual dissolution of the community of acquets and gains. An ex parte order was signed on July 23, 1992 granting plaintiff temporary custody of the children and a temporary restraining order against the defendant, pending a hearing set for August 24, 1992.[1]
Thereafter, defendant filed a "Petition for Determination of Incidental Matters," wherein *1261 she sought joint custody of the children, child support, alimony pendente lite and other injunctive relief, which was also set for hearing on August 24, 1992. However, the minutes reflect that these matters were continued without date by agreement of counsel.
On June 15, 1993, plaintiff filed a rule to show cause why he should not be granted a divorce in which he alleged that proper service of the initial petition had been made on July 24, 1992; that more than 180 days had elapsed since service; and that the parties had lived separate and apart continuously since the filing of the original petition. Plaintiff additionally requested that the court award the parties joint custody of the children, with plaintiff designated as domiciliary parent of the child residing with him, and defendant designated as domiciliary parent of the children residing with her. Plaintiff further requested that the amount of child support be set at $450.00 per month, with plaintiff to maintain health insurance on the children.
Service of the rule to show cause was effected on defendant by mailing a copy of the rule to show cause to defendant's attorney on June 15, 1993. By order dated June 21, 1993, the matter was set for hearing on August 4, 1993.
It is undisputed that neither defendant nor her attorney appeared at the hearing on plaintiff's rule to show cause. Following the hearing, judgment was rendered and signed in open court granting the parties a judgment of divorce pursuant to LSA-C.C. art. 102. The judgment also awarded the parties joint custody of the minor children, with the domiciliary parent designations set forth as requested in plaintiff's rule. However, the judgment signed by the court contained no provision regarding the payment of child support or maintaining of health insurance by Mr. Johnson.
From this judgment, Mrs. Johnson appeals, assigning the following as error:
1. The Court erred in granting a divorce under LSA-C.C. art. 102 where the rule for divorce was not served by the sheriff in accordance with LSA-C.C.P. art. 1314.
2. The Court erred in granting a divorce under LSA-C.C. art. 102 where the notice of trial issued by the Clerk of Court did not contain the statements required by LSA-R.S. 13:3492.
Because we find merit in defendant's first assignment of error, we pretermit discussion of defendant's second assignment of error.

DISCUSSION
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously since the filing of the petition. LSA-C.C. art. 102. The motion upon which the divorce may be granted is by a rule to show cause. See LSA-C.C.P. art. 3952; see also LSA-C.C. art. 102 (as amended by Acts 1993, No. 107, § 1).
Louisiana Code of Civil Procedure article 2594, addresses summary proceedings and provides, as follows:
Citation and service thereof are not necessary in a summary proceeding. A copy of the contradictory motion, rule to show cause, or other pleading filed by the plaintiff in the proceeding, and of any order of court assigning the date and hour of the trial thereof, shall be served upon the defendant. (Emphasis added.)
Louisiana Code of Civil Procedure article 2591 provides that summary proceedings are conducted with rapidity and without observance of all of the formalities required in ordinary proceedings. However, unless otherwise provided, the rules governing ordinary proceedings are applicable to summary proceedings. LSA-C.C.P. art. 2596.
Article 1312 of the Louisiana Code of Civil Procedure provides that, except in certain enumerated exceptions, "every pleading subsequent to the original petition shall be served on the adverse party as provided by [LSA-C.C.P.] Article 1313 or 1314, whichever is applicable."
As set forth in LSA-C.C.P. art. 1313, if a pleading requires no appearance or answer it *1262 may be served by the sheriff or by mail to the adverse party or his counsel of record. However, as provided in LSA-C.C.P. art. 1314, "[a] pleading which is required to be served, but which may not be mailed or delivered under Article 1313 [because it requires an appearance or answer], shall be served by the sheriff, either on the adverse party ... or personally on the counsel of record of the adverse party."
The pleading at issue herein is a rule to show cause, which was filed by the defendant, and set for hearing by the court. It is undisputed that the rule was served by mail upon opposing counsel. However, defendant contends that service by mail of the rule to show cause and accompanying order was insufficient, and that service thereof was required to be made by the sheriff. We agree.
A motion in the form of a rule to show cause is a contradictory motion which commands a party to appear. See First Federal Savings & Loan Association of New Iberia v. Stanley, 578 So.2d 220, 223 (La.App. 3rd Cir.1991). Thus, service by mail or delivery of the rule to show cause, as set forth in LSA-C.C.P. art. 1313, was not authorized; and service by the sheriff, pursuant to LSA-C.C.P. art. 1314, was required.
As further support for our conclusion that sheriff's service of the rule to show cause was required, we note that LSA-C.C.P. art. 3956, which addresses the evidence required for a divorce pursuant to Civil Code Article 102, provides that:
The facts entitling a moving party to a divorce under Civil Code Article 102 may be established by:
* * * * * *
(4) The sheriff's return of service of the rule, or by a waiver of that service; ...
Because the rule to show cause and accompanying order were not properly served upon defendant, and the defendant did not appear at the hearing on plaintiff's rule to show cause, we conclude that the judgment of divorce granted by the trial court is an absolute nullity. See White v. White, 398 So.2d 1257, 1259 (La.App. 4th Cir.1981); Thompson v. Courville, 372 So.2d 579, 581 (La.App. 3rd Cir.1979).

CONCLUSION
For the above and foregoing reasons, the August 4, 1993 judgment of the trial court is hereby reversed. All costs of this appeal are assessed against plaintiff, L. Kevin Johnson.
REVERSED.
NOTES
[1] After the filing of the original petition for divorce, plaintiff filed a motion and order to appoint a private process server to serve the petition. However, the order appointing a private process server contained in the record of this appeal was not signed by the trial judge. Nonetheless, on appeal, the parties do not contest the validity of service of the original petition for divorce.