694 So.2d 290 (1996)
Rosalie M. BARRIOS
v.
Richard J. BARRIOS.
No. 95 CA 1390.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
Writ Denied May 3, 1996.
*291 Benjamin P. Mouton, Baton Rouge, for Plaintiff-Appellant, Rosalie M. Barrios.
C. Jerome D'Aquila, New Roads, for Defendant-Appellee, Richard J. Barrios.
Before CARTER and PITCHER, JJ., and CRAIN,[1] J. Pro Tem.
HILLARY J. CRAIN, Judge Pro Tem.
Proceedings were instituted for Rosalie and Richard Barrios to obtain a divorce and resolve matters incidental thereto. Judgment was rendered on a Rule for Custody and Support, which ordered Richard J. Barrios to pay child support and alimony pendente lite. A divorce was granted. Determinations of fault and the award of permanent alimony were not addressed.
Mr. Barrios stopped paying alimony pendente lite after the divorce decree. Ms. Barrios filed a rule for contempt, which was dismissed by the trial court on the basis that the obligation to pay alimony pendente lite ceased when the divorce was granted. Upon writ application, this court reversed the trial court in its finding that the obligation to pay alimony pendente lite ceased upon the divorce, holding that, until the fault issue is final and definitive, the obligation continues.[2]
Mr. Barrios did not resume the alimony pendente lite payments nor satisfy the arrearage. Ms. Barrios filed a rule for the arrearage. The record also reflects that Mr. Barrios filed a "RULE TO TERMINATE *292 ALIMONY AND FOR REDUCTION IN CHILD SUPPORT PAYMENTS," and a second rule titled "RULE FOR REDUCTION OF CHILD SUPPORT PAYMENTS."
A hearing was held, resulting in a judgment, awarding arrearage to Ms. Barrios, terminating alimony, and reducing child support.
Ms. Barrios makes the following assignments of error:
1. The trial court erred when it concluded that the defendant had a significant decrease in monthly income when there was no credible evidence introduced at the hearing to establish that fact.
2. The trial court erred when it allowed defendant to introduce a financial summary document into evidence over the objections of counsel for plaintiff that it was hearsay.
3. The trial court erred when it considered and relied on the information contained in the financial summary document even though it was hearsay and was not based on the personal knowledge of the person who compiled the information.
4. The trial court erred when it considered the merits of the defendant's motion to terminate plaintiff's alimony pendente lite when a rule nisi was never issued by the Clerk of Court and the rule or court order were never served on plaintiff or her counsel of record prior to the January 25, 1995 hearing.
Three issues are raised: the admissibility of the financial statement, the validity of the trial court's finding that a change in circumstances had occurred warranting a reduction in Mr. Barrios' child support obligation, and the validity of the judgment terminating alimony.

ADMISSIBILITY OF THE FINANCIAL STATEMENT
Mr. Barrios was allowed to introduce, over the objection of Ms. Barrios, an exhibit identified as "Richard J. Barrios `one'." The introduction was made during the testimony of Mr. Barrios who identified the exhibit.
The exhibit contained a letter from Jules Patin, CPA, dated January 9, 1995, which states, in part, "I have compiled the accompanying statements of Income of Barrios Construction Co. as of December 31, 1992, 1993 and 1994...." Included with the letter in the exhibit is a page headed:
Richard J. Barrios
D/B/A/ Barrios Construction Co.
Statements of Income & Expenses
Years Ended December 31, 1992, 1993 and 1994.
This page contains three columns marked 1992, 1993, and 1994. Beneath each column is listed gross revenues, expenses, and net income.
Ms. Barrios argues that the exhibit is inadmissible hearsay.
Hearsay is defined in La.C.E. art. 801(C) as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible unless allowed by provision of the Code of Evidence or other legislation. La.C.E. art. 802.
We agree that the exhibit, a document prepared by Mr. Patin, is hearsay when identified by Mr. Barrios and introduced during his testimony. However, Mr. Patin also testified and identified the document. He was subject to cross-examination as to the contents of the document. Therefore, the evidence was properly before the court and the introduction and identification of the document by Mr. Barrios is immaterial. This assignment of error is without merit.

CHANGE IN CIRCUMSTANCES
A child support obligation is subject to modification only when there has been a change in circumstances between the time of the prior support award and the time of the motion for a modification. La.R.S. 9:311(A). The change in circumstances must be substantial. Crowder v. Crowder, 595 So.2d 810, 811 (La.App.2d Cir.), writ denied, 598 So.2d 358 (La.1992); Richardson v. Richardson, 590 So.2d 1302, 1304-05 (La.App. 1st Cir. 1991).
*293 The party seeking the modification has the burden of proving that a change has occurred. McHale v. McHale, 612 So.2d 969, 972 (La.App.2d Cir.1993). Once the moving party proves a change in circumstances, a presumption exists that the support obligation must be modified. The burden then shifts to the other party to disprove the change or otherwise overcome the presumption. McHale v. McHale, 612 So.2d at 972.
In matters involving a reduction in support, the presumption may be overcome by showing that the moving parent's voluntary action caused the change in circumstances, or that other factors mitigate against the reduction. McHale v. McHale, 612 So.2d at 972.
In any proceeding to modify child support, the Child Support Guidelines (La.R.S. 9:315 et seq.) are to be used. La.R.S. 9:315.1(A). The guidelines mandate that each party provide to the court proof of his or her income. Louisiana Revised Statute 9:315.2(A) states:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy of the statement and documentation shall be provided to the other party.
In cases where the record contains inadequate information and documentation upon which to make a child support determination under the guidelines, a remand to the trial court is necessary. Inzinna v. Acosta, 623 So.2d 1357, 1359 (La.App. 5th Cir.1993); In The Matter of Spence, 600 So.2d 782, 784-85 (La.App. 5th Cir.1992). See also Richardson v. Richardson, 590 So.2d 1302 (La.App. 1st Cir.1991).
If there is sufficient evidence in the record to render a decision in the case, remand is unnecessary even if some of the required documentation is lacking. State on Behalf of Taylor v. Thomas, 93-1039, p. 3 (La.App. 5th Cir. 6/28/94), 639 So.2d 837, 839. In State on Behalf of Taylor, the parties each testified to his or her monthly income, the testimony was not contradicted or contested, and neither party raised a question on appeal concerning the sufficiency of the evidence of income.
Neither party provided the court with a verified personal income statement. Mr. Barrios only provided evidence of the income and expenses of Barrios Construction Co., which, although a sole-proprietorship, is not necessarily the sole source of Mr. Barrios' income. Ms. Barrios testified that she is now employed, making $5/hour. She also testified that she is only working part-time.
In the present matter, the record is devoid of verified personal income statements. There is no documentation of current and past earnings such as pay stubs, employer statements, or receipts and expenses if self-employed. Also absent are federal income tax statements. Under these circumstances, it is necessary to vacate the judgment reducing Mr. Barrios' child support obligation. We remand the matter for the introduction of proper evidence or documentation so that a determination can be made in accordance with the Child Support Guidelines.

TERMINATION OF ALIMONY
Ms. Barrios assigns as error the trial court's ruling, terminating alimony, when the rule to show cause why alimony should not be terminated was never served.
The record reflects that Mr. Barrios filed two rules. The "RULE TO TERMINATE ALIMONY AND FOR REDUCTION IN CHILD SUPPORT PAYMENTS" was filed on November 9, 1994, and set for hearing on December 14, 1994. The "RULE FOR REDUCTION OF CHILD SUPPORT PAYMENTS" was filed on December 19, 1994, and set for hearing on December 29, 1994. Ms. Barrios' rule for alimony arrearage was initially set for hearing on November 9, 1994, but was continued by motion of Mr. Barrios, until December 14, 1994.
Only one hearing was held, and that occurred on January 25, 1995.[3] There is nothing *294 in the record to indicate which rules were being addressed on that date.
The extract of the minutes is not helpful. There are no minute entries on any of the hearing dates set in the court's show cause orders. The wording "this matter" or "the following matter" is used to describe the proceedings, with one exception. The minute entry on December 20, 1994, mentions an "[a]limony rule," which was continued. The minute entries reflect that "the matter" was passed without date on November, 15, 1994, the "[a]limony rule" was continued on December 20, 1994, and "[t]his matter" was reassigned on January 3, 1995.
The record reflects that, of Mr. Barrios' two rules, only the rule to reduce child support was served. This is shown by the sheriff's return.
A motion in the form of a rule to show cause is a contradictory motion which commands a party to appear. Johnson v. Johnson, 94-0018, p. 4 (La.App. 1st Cir. 11/10/94), 645 So.2d 1260, 1262. If a pleading requires an appearance or answer, service by mail is not authorized, and sheriff's service is required. La.C.C.P. arts. 1312-14; Johnson v. Johnson, 645 So.2d at 1262.
The rule to show cause is a summary proceeding. La.C.C.P. art. 2592. While citation is not essential in a summary proceeding, a judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity. La.C.C.P. art. 2594; Thompson v. Courville, 372 So.2d 579, 581-82 (La.App. 3d Cir.1979).
Ms. Barrios was not served with the rule and order regarding the termination of alimony.
Additionally, under the circumstances, it cannot be said that Ms. Barrios' appearance at the hearing on January 25, 1995, signified that she was notified of the nature of the proceeding and was making a general appearance, which would waive lack of notice. The extract of the minutes does not reflect that she was put on notice that the rule to terminate alimony was to be heard. She was required to appear for the rules other than the rule to terminate alimony. She was not apprised that the termination of her alimony was an issue before the court. She had no opportunity to defend against the termination nor to present her case for entitlement to alimony. Therefore, that portion of the judgment, terminating alimony, is an absolute nullity.

DECREE
For the foregoing reasons, those portions of the judgment, terminating alimony and reducing child support, are VACATED, and the matter is REMANDED for further proceedings consistent with this opinion. Costs are assessed against Richard J. Barrios.
VACATED AND REMANDED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Barrios v. Barrios, 94-0489 (La.App. 1st Cir. 5/6/94).
[3] The minute entry states that the matter was heard on January 26, 1995, but the transcript and the written opinion of the court show the hearing date as January 25, 1995.