[.PETTIGREW, J.
In this case, the trial court overruled plaintiffs exceptions raising the objections of improper use of summary proceeding and failure to state a case of action. The court also ordered that its November 13, 2002 Order homologating the community property settlement agreement between the parties be declared absolutely null and vacated same. Plaintiff has appealed. For the reasons set forth below, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Polly Vizier Robertson, and defendant, Allen L. Robertson, were married on June 6,1986, and had three children, all of whom were minors at the time of these proceedings. The parties physically separated on January 3, 2002; and on April 3, 2002, Mrs. Robertson filed for divorce. In connection with the divorce proceeding, the parties entered into a consent judgment regarding various ancillary matters including custody of the minor children, child support, use of community property, and mutual injunctive orders. Subsequently, on May 7, 2002, the parties executed a “Community Property Settlement Agreement,” which was filed into the record on May 9, 2002.
On November 15, 2002, Mrs. Robertson filed a “Rule To Show Cause” requesting a hearing date for the divorce and other ancillary matters. In conjunction therewith, Mrs. Robertson also requested that the trial court homologate and approve the parties’ May 7, 2002 agreement. On November 13, 2002, the court signed an order, ex parte, holding: “IT IS ORDERED that the Community Property Settlement Agreement voluntarily entered into between the parties herein, dated May 7, 2002, is hereby homologated and made an Order of this Court.” Moreover, the court set the divorce hearing for December 6, 2002.
The parties appeared in court on December 6, 2002, at which time the court heard testimony. The court granted Mrs. Robertson a divorce as prayed for and, on December 27, 2002, signed a judgment “forever terminating the bonds of matrimony, as well as the community of acquets and gains, previously existing between [the parties], retroactive to the date of filing.”
On March 26, 2003, Mr. Robertson filed a “Rule To Show Cause” seeking to have the court’s November 13, 2002 order declared an absolute nullity and vacated. In |3response thereto, Mrs. Robertson filed exceptions to the rule raising the objections of improper use of summary proceeding and failure to state a cause of action. On April 11, 2003, the trial court heard argument from the parties concerning both the exceptions and the rule. The court rendered judgment in favor of Mr. Robertson, concluding that the homologation order was an absolute nullity as it was obtained contrary to law. In a judgment signed April 17, 2003, the court declared its November 13, 2002 order absolutely null and vacated same. It is from this judgment that Mrs. Robertson has appealed, assigning the following specifications of error:
1. The Trial Court erred in overruling the Exceptions of improper use of summary proceedings and failure to state a cause of action; and
2. The Trial Court erred in declaring the Homologation Order an absolute nullity.
DISCUSSION
On appeal, Mrs. Robertson argues that her exceptions should have been maintained by the trial court. Mrs. Robertson contends that the allegation by Mr. Robertson, i.e., that the court’s November *116 13, 2002 homologation order was rendered in violation of law, is not grounds for nullity as set forth in La. Code Civ. P. art. 2002. Noting that an allegation that an order is “contrary to law” does not equate to an allegation that an order is “against public policy or contra bonos mores,” Mrs. Robertson maintains that Mr. Robertson could not summarily attack the November 13, 2002 order as being absolutely null.[1] Rather, Mrs. Robertson submits, the proper procedural device for attacking an order based on errors of law is a motion for new trial or an appeal, neither of which were utilized herein. In the alternative, Mrs. Robertson submits that even if the trial court’s decision to overrule her exceptions was correct, the court’s “determination that the Homologation Order was an absolute nullity is clearly contrary to law and should be reversed.” We find no merit to these arguments.
14As set forth in La.Code Civ. P. art. 2002, a final judgment should be annulled for the following vices of form: (1) if rendered against an incompetent person not represented as required by law; (2) if rendered against a defendant who was not served with process as required by law and who did not enter a general appearance, or against whom a valid judgment by default has not been taken; or (3) if the rendering court did not have subject matter jurisdiction over the suit. A judgment is an absolute nullity if any of these vices of form exists, and may be attacked collaterally at any time. Bernard v. Fireside Commercial Life Ins. Co., 633 So.2d 177, 184 (LaApp. 1 Cir.1993), writ denied, 93-3170 (La.3/11/94), 634 So.2d 839.
Pursuant to La.Code Civ. P. art. 963, if an order applied for by written motion is one to which the mover is clearly entitled without supporting proof, the court may grant the order ex parte and without a contradictory hearing. However, if the mover is not clearly entitled to the relief sought or if the relief sought requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. La.Code Civ. P. art. 963.
A motion in the form of a rule to show cause is a contradictory motion that commands a party to appear. Johnson v. Johnson, 94-0018, p. 4 (La.App. 1 Cir. 11/10/94), 645 So.2d 1260, 1262. The rule to show cause is a summary proceeding. La. Code Civ. P. art. 2592. While citation is not essential in a summary proceeding, a judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity. La.Code Civ. P. art. 2594; Barrios v. Barrios, 95-1390, pp. 6-7 (La.App. 1 Cir.2/23/96), 694 So.2d 290, 294, writ denied, 96-0743 (La.5/3/96), 672 So.2d 691.
In the instant case, Mrs. Robertson filed a “Rule To Show Cause” requesting a hearing for the divorce and other ancillary matters. Mrs. Robertson also requested that the trial court homologate and approve the parties’ May 7, 2002 agreement. The court signed the order on November 13, 2002, setting a hearing for December 6, 2002, and homologating the community property agreement as requested. Thereafter, Mrs. IsRobertson filed her rule with the clerk of court on November 15, 2002, with a request that Mr. Robertson, through his counsel of record, be served. *117 Thus, although Mr. Robertson may have been served with notice of Mrs. Robertson’s rule and the December 6, 2002 divorce hearing, there was no such notice regarding the homologation order. In fact, there was no hearing on this issue as the trial court signed the order, ex parte, on November 13, 2002, two days before the rule was even filed with the clerk of court.
The rule filed by Mrs. Robertson was one in which she was not “clearly entitled” to the relief sought. As such, the rule should have been served on and tried contradictorily with the adverse party before any orders were signed. La.Code Civ. P. art. 963. The record before us demonstrates that the order of November 13, 2002, homologating the parties’ community property agreement, which was signed, ex parte, two days before the rule was filed with the clerk of court and set for hearing, was rendered without the rule being served on or tried contradictorily with Mr. Robertson.
Pursuant to La.Code Civ. P. art. 2002, a judgment rendered against a defendant who has not been served with service of process as required by law is an absolute nullity. Thus, the ex parte order at issue herein is absolutely null and could be attacked summarily. La.Code Civ. P. art. 2002. See also Hebert v. Hebert, 96-2155, p. 4 (La.App. 1 Cir. 9/19/97), 700 So.2d 958, 959-960. Mrs. Robertson’s arguments to the contrary are without merit.
CONCLUSION
For the above and foregoing reasons, we affirm the trial court’s judgment and assess all costs associated with this appeal against plaintiff/appellant, Polly Vizier Robertson.
AFFIRMED.

. As is discussed more fully below, we conclude that the trial court’s November 13, 2002 order homologating the community property agreement is absolutely null because it was rendered ex parte against a party who had not been served with process as required by law. Thus, we do not reach the issue of whether an order that is "contrary to law" equates with an order that is "against public policy or contra bonos mores.”