952 So.2d 929 (2007)
STATE of Louisiana DEPARTMENT OF SOCIAL SERVICES, Kristi Hemand
v.
Kyle REUTHER.
No. 06-CA-842.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2007.
Rehearing Denied April 10, 2007.
*930 Paul D. Connick, Jr. District Attorney, Joseph R. McMahon, Jr., John D. Fitzmorris, Jr., Assistant District Attorneys, Harvey, Louisiana, Laura Jean Todaro, Neil D.W. Montgomery, Attorneys at Law, Kenner, Louisiana, for Plaintiff/Appellee.
Bennett Wolff, Hayley Harmon, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this child support enforcement case, Kyle Reuther appeals from a judgment of the trial court increasing the amount of his child support obligation. For the reasons stated more fully herein, we vacate the judgment of the trial court and remand the case for further proceedings.
Factual and Procedural History
Kyle Reuther, the biological father of the minor child, Taylor Michael Hastings, and Kristi Hastings, the child's biological mother, entered into a consent judgment in April of 2000 whereby the parties agreed to a joint custody arrangement with a specified visitation schedule. In this judgment, Mr. Reuther was ordered to pay child support for the minor child in the amount of $380.00 per month. Mr. Reuther failed to make timely payments pursuant to this order, and Ms. Hastings subsequently applied for enforcement services with the State of Louisiana. On November 19, 2004, the case was transferred to Juvenile Court, and on March 14, 2005, the hearing officer entered a recommendation to adopt the previous child support order in addition to 5% in court costs.
Mr. Reuther agreed with this recommendation, and it became an order of the court on March 14, 2005. However, Mr. Reuther subsequently filed a rule to reduce child support. A hearing was held on June 2, 2005, wherein both parties agreed that the minor child was living with the maternal grandmother at the time. Accordingly, the hearing officer recommended that ongoing support be suspended to allow the grandmother to apply for support services. The State of Louisiana, on behalf of Ms. Hastings as recipient, *931 filed a notice of disagreement and request for hearing.
On June 22, 2006, the State filed a motion to reinstate child support. A hearing on this motion was held by the hearing officer on July 20, 2006. The hearing officer recommended reinstatement of child support in the amount of $810.85, plus 5% court costs per month. This support amount included payment of private school tuition. Mr. Reuther noticed his disagreement with this recommendation and the matter was heard in Juvenile Court on August 14, 2006.
On this date, both Mr. Reuther and Ms. Hastings testified regarding the issue of child support. Further, the record indicates that a copy of a letter from Blue Cross/Blue Shield of Louisiana indicating an increase in health insurance premiums for the minor child Taylor Hastings was accepted as evidence by the court. Following the hearing, the court affirmed the hearing officer's ruling dated July 20, 2006. No reasons for judgment were provided. Mr. Reuther now appeals from this judgment.
Discussion
By this appeal, Mr. Reuther contends that the trial court erred by adopting the hearing officer's recommendation where there was insufficient evidence in the record to support the granting of such an award. Mr. Reuther also contends that the trial court erred in ordering him to pay for the child's private school tuition.
The State filed a reply brief arguing that the trial court was not manifestly erroneous in its child support determination. Attached to this brief were eleven exhibits which the State argued supported the trial court's award.[1] Kristi Hastings also filed a reply brief arguing that the trial court's award was based on sufficient evidence, and similar documentation was also attached to this brief.[2]
Thereafter, the State filed a motion to supplement the record with documentation which was contained in the trial court record as stated in an affidavit of the deputy clerk of Juvenile Court. This court ordered the Clerk of Juvenile Court to supplement the appellate court record with the record compiled in Juvenile Court. On February 28, 2007, the Juvenile Court supplemented the appellate court record with the entire Juvenile Court record in this matter. We therefore address the merits of this appeal as follows:
A trial judge determines the basic child support obligations pursuant to La. R.S. 9:315.2, which provides:
A. Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the party's most recent federal tax return. A copy *932 of the statement and documentation shall be provided to the other party.
B. If a party is voluntarily unemployed or underemployed, his or her gross income shall be determined as set forth in R.S. 9:315.9.
C. The parties shall combine the amounts of their adjusted gross incomes. Each party shall then determine by percentage his or her proportionate share of the combined amount. The amount obtained for each party is his or her percentage share of the combined adjusted gross income.
D. The court shall determine the basic child support obligation amount from the schedule in R.S. 9:315.14 by using the combined adjusted gross income of the parties and the number of children involved in the proceeding.
E. After the basic child support obligation has been established, the total child support obligation shall be determined as hereinafter provided in this Part.
The standard of appellate review of factual findings in a civil action is a two-part test: (1) the appellate court must find from the record there is a reasonable factual basis for the finding of the fact finder, and (2) the appellate court must further determine the record establishes the finding is not clearly wrong (manifestly erroneous). State, Dept. of Social Services ex rel. Clark v. Ruiz, 04-1064 (La.App. 5 Cir. 2/15/05), 898 So.2d 514, 518, citing, Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
In cases where the record contains inadequate information and documentation upon which to make a child support determination under the guidelines, a remand to the trial court is necessary. Inzinna v. Acosta, 623 So.2d 1357, 1359 (La. App. 5 Cir.1993). If there is sufficient evidence in the record to render a decision in the case, remand is unnecessary even if some of the required documentation is lacking. State on Behalf of Taylor v. Thomas, 93-1039 (La.App. 5 Cir. 6/28/94), 639 So.2d 837, 839. See also, State, Dept. of Social Services ex rel Clark v. Ruiz, 04-1064 (La.App. 5 Cir. 2/15/05), 898 So.2d 514, 519.
After review of the record in this case, including a review of the entire Juvenile Court record which was received as a supplement, we have determined that it fails to contain sufficient documentation pertaining to income of the parties as mandated by La. R.S. 9:315.2. The Juvenile Court record contains a child support information sheet which was prepared by Kyle Reuther on July 20, 2006 indicating he earned $13.00 an hour as an installer. The record contains a second information sheet prepared by Mr. Reuther on August 14, 2006, the date of trial, indicating he earned $11.00 an hour as a truck driver, a position he had held for one week. The two sheets prepared by Ms. Hastings indicated she was unemployed on July 20, 2006 and August 14, 2006.
The record also contains several LASES obligation worksheets which were apparently used by the hearing officer to calculate the parties child support obligation. The worksheet relied upon by the trial court in affirming the hearing officer's recommendation sets Mr. Reuther's monthly gross income at $3100.00 based on an hourly wage of $15.00, and sets his child support obligation at $810.85. However, the hourly wage listed on this sheet was manually changed to $13.00 and it does not appear that the monthly income was adjusted accordingly. Further, although this worksheet stated that Catholic school tuition was denied, the transcript of the hearing in the trial court indicates that this tuition was included in the ultimate award.
*933 In addition to the discrepancies in the record listed above, the record fails to contain any documentation of current and past earnings such as pay stubs or employer statements. Also absent are federal income tax statements as mandated by La. R.S. 9:315.2. Further, there is no supporting documentation on the actual cost of the Catholic School tuition included in the award. In fact, the only exhibit contained in the record before us is a copy of a letter from Blue Cross/Blue Shield indicating an increase in the child's health insurance premiums. While the proper documentation may have been provided to the individual who determined the amount of support, there is nothing contained in the appellate court record which enables us to determine the propriety of the amount of child support awarded. See, State v. Frisard, 96-368 (La.App. 5 Cir. 4/29/97), 694 So.2d 1032, 1041.
Although appellee also argues that the testimony of the parties in the record regarding their current income and the general amount of school tuition is sufficient to support the present award, we disagree. Mr. Reuther gave scant information as to his hourly wage, and the record lacks a clear statement of Mr. Reuther's current or past income. Further, Mr. Reuther in his testimony only estimated what he believed to be the private school tuition in this case. Based on our review of the record before us, we fail to find sufficient documentation to support the child support award rendered in this case. See, State, Dept. of Social Services ex rel Clark v. Ruiz, 04-1064 (La.App. 5 Cir. 2/15/05), 898 So.2d 514, 519; Barrios v. Barrios, 95, 1390 (La.App. 1 Cir. 2/23/96), 694 So.2d 290, 293, writ denied, 960743 (La.5/3/96), 672 So.2d 691; Inzinna v. Acosta, 623 So.2d 1357, 1359 (La.App. 5 Cir.1993); Mannina v. Mannina, 588 So.2d 176 (La.App. 5 Cir.1991).
Accordingly, based on our finding herein regarding the lack of documentation and evidence in the record supporting the child support award, we are unable to apply the guidelines set forth by La. R.S. 9:315.2 to determine if there is a reasonable factual basis for the trial court's judgment. Under these circumstances, it is necessary to vacate the judgment increasing Mr. Reuther's child support obligation. We remand the matter for the recalculation of the support obligation in accordance with the provisions of La. R.S. 9:315.2.
VACATED AND REMANDED.
NOTES
[1] Mr. Reuther filed a Motion to Strike these exhibits based on the fact that the exhibits were not introduced at trial. However, by order of this Court dated February 26, 2007, the record herein has been supplemented with the entire Juvenile Court record, and we find that this motion has been rendered moot.
[2] In response to this brief, Mr. Reuther filed in this Court an Exception of No Right of Action asserting that Ms. Hastings had no standing to file an appellate brief in this Court as she had assigned to the State of Louisiana her entire right, title and interest in obtaining child support pursuant to La. R.S. 46:236.1.5. Based on our holding herein vacating the award, we pretermit a discussion of this exception. Mr. Reuther may raise this exception in the trial court on remand.